Jimmy W. SMALL, Appellant,

v.

The STATE of Texas, State.

Nos. 2–97–402–CR, 2–97–403–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 6, 1998.

Valentin Gracia, III, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Edward L. Wilkinson, Jeff Stuart, Asst. Dist. Attys., Fort Worth, for appellee.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

### Introduction

In two related cases, appellant Jimmy Small appeals (1) the trial court's decision to proceed to adjudicate his guilt for a prior conviction and (2) his conviction that was the basis of the State's motion to proceed to adjudication. In two points, appellant argues that the trial court committed reversible error in denying his motion to suppress and violated the Fourth and Fourteenth Amendments to the United States Constitution and article I, section nine of the Texas Constitution. Because appellant has no right to appeal the trial court's decision to proceed to adjudication and because we conclude that the trial court properly denied appellant's motion to suppress, we dismiss for want of jurisdiction appellant's appeal under appellate cause number 97–402–CR and affirm the judgment under appellate cause number 97–403–CR.

### Procedural History

On December 5, 1996, appellant pleaded guilty to the charge of possession of heroin as part of a plea agreement (cause number 97–402–CR). The trial court deferred adjudication of appellant's guilt and placed him on four years' probation. Ten days later, appellant was arrested for possession of a controlled substance when a search of his person revealed a matchbox containing cocaine (cause number 97–403–CR). Based on this second arrest, the State moved to proceed to adjudicate appellant's guilt in cause number 97–402–CR.

At the adjudication proceeding, appellant moved to suppress the fruits of the search from the second arrest. The trial court adjudicated appellant guilty of the first offense and sentenced him to nine months in jail. Appellant then entered a plea agreement in the second case and received a two-year sentence. In these consolidated appeals, appellant challenges the trial court's denial of his motion to suppress as it relates to each case.

### Cause Number 97–402–CR

■ Insofar as the appeal relates to the original cause, in which appellant received deferred adjudication, we must dismiss his appeal for want of jurisdiction. A defendant may not appeal from the determination to adjudicate. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp.1998); *Francis v. State*, 896 S.W.2d 406, 412 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (holding that a defendant may not appeal rulings on pretrial motions considered during the adjudication proceeding).

### Cause Number 97–403–CR

### Factual Background

On December 15, 1996 at about 8:00 p.m., Fort Worth Police Officer Benjamin David Risner stopped a vehicle for a traffic violation. Risner testified that he turned on his "landing light" and "take-down lights" before approaching the vehicle. When he approached the car on the passenger side of the vehicle, both appellant and the driver were looking over their shoulders. Risner testified that he saw appellant make a "furtive movement" toward the front of his trousers.

When he asked appellant to roll down the window, Risner smelled a strong odor of burnt marihuana coming from the car and saw rolling papers on the dashboard that are often used to roll marihuana cigarettes. Risner then asked appellant to step out of the car, so he could conduct a "Terry frisk" for weapons. After not discovering any weapons during the pat down, he searched appellant for marihauna.

At the time of the search, appellant was wearing a baggy pair of trousers over a pair of sweatpants. Risner testified that the outer pants were hanging down around appellant's mid-buttocks, and the sweatpants were pulled all the way up to appellant's waist. Risner had appellant lower his outer pants down to his knees. It was in the crotch area of the outer pants that he discovered a yellow matchbox. Aware that matchboxes "normally" contain narcotics under such circumstances, Risner opened the matchbox, "expecting to find mari[h]auna." Instead, he discovered a clear baggy containing a white powdery substance and some white rocks, which later proved to be cocaine. Risner then placed appellant under arrest.

### Standard of Review

■ The deference an appellate court should afford a trial court in reviewing a search and seizure ruling is often "determined by which judicial actor is in a better position to decide the issue." *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997). If the issue involves the credibility of a witness, thereby making the evaluation of that witness's demeanor important, "compelling reasons exist for allowing the trial court to apply the law to the facts." *Id.* Appellate courts should afford almost total deference to a trial court's determination of historical facts that the record supports, especially when based on the trial court's evaluation of credibility and demeanor. *See id.* at 89. An appellate court "should afford the same amount of deference to trial courts' rulings on 'application of law to fact questions,' also known as 'mixed questions of law and fact,'" if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor." *Id.* However, "appellate courts may review *de novo* 'mixed questions of law and fact' not falling within this category." *Id.*

■ The standard for probable cause in a warrantless search is no less stringent than that required to be shown for issuance of a search warrant. *See, e.g., Washington v. State*, 660 S.W.2d 533, 535 (Tex.Crim.App. 1983). In order for a warrantless search to be justified, the State must make a showing that probable cause existed at the time the search was made and that procurement of a warrant prior to the search was impractica-

ble. *See, e.g., McNairy v. State,* 835 S.W.2d 101, 106 (Tex.Crim.App.1991).

■■■■ Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found. *See, e.g., McNairy,* 835 S.W.2d at 106; *Washington,* 660 S.W.2d at 535. It is a flexible, common sense standard requiring only a probability of criminal activity rather than an actual showing of such activity. *See Davis v. State,* 905 S.W.2d 655, 662 (Tex.App.—Texarkana 1995, pet. ref'd); *Bills v. State,* 855 S.W.2d 79, 82 (Tex.App.—Fort Worth 1993, no pet.). The existence of probable cause does not depend on technicalities, but the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *McNairy,* 835 S.W.2d at 106 (quoting *Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949)).

■■■■ The "totality of the circumstances" approach to determining whether probable cause exists applies to warrantless searches. *See Amos v. State,* 819 S.W.2d 156, 161 (Tex.Crim.App.1991), *cert. denied,* 504 U.S. 917, 112 S.Ct. 1959, 118 L.Ed.2d 561 (1992); *Routledge v. State,* 834 S.W.2d 452, 455 (Tex.App.—Fort Worth 1992, pet. ref'd). Law enforcement officers are permitted to draw logical inferences and make intelligent deductions from the totality of the circumstances. *See, e.g., Jackson v. State,* 745 S.W.2d 4, 10 (Tex.Crim.App.), *cert. denied,* 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988). Circumstances which would make the procuring of a warrant impracticable include the need to prevent the imminent destruction, removal, or concealment of property intended to be seized. *See, e.g., Booty v. State,* No. 14–94–01086–CR, slip op. at 4, 1997 WL 138996 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd.).

## Constitutionality of the Search and Seizure

■■■■ In two points jointly argued, appellant contends the trial court erred in denying his motion to suppress because Risner's conduct violated his right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and article I, section nine of the Texas Constitution. Appellant concedes that Risner had reasonable suspicion to stop the car. He further concedes that after smelling the burnt marihauna, Risner was justified in searching the car and conducting a pat-down search of appellant and the driver. However, appellant argues that Risner exceeded any legal authority when he asked appellant to lower his outer trousers to his knees and seized the matchbox found therein.

Risner testified that he saw appellant make a "furtive" gesture with his hand toward the front of his trousers when appellant was apparently unaware that Risner was in a position to see the movement. Both the automobile in which appellant was riding and appellant, himself, smelled of burnt marihauna. Risner also saw rolling papers on the dashboard within appellant's reach. The layered, baggy outer clothes worn by appellant made concealment of contraband relatively easy, and Risner's inspection posed a minimal intrusion on appellant, requiring only that he lower his already low-hanging outer pants down to his knees.

■■■ The odor of marihauna alone is sufficient to constitute probable cause to search a defendant's person, vehicle, or objects within the vehicle. *See, e.g., Isam v. State,* 582 S.W.2d 441, 444 (Tex.Crim.App. [Panel Op.] 1979) (odor of marijuana provides sufficient probable cause to justify search of automobile); *Moulden v. State,* 576 S.W.2d 817, 819–20 (Tex.Crim.App. [Panel Op.] 1978) (odor of burnt marihuana in automobile constitutes sufficient probable cause to search overnight bag on floorboard in front of defendant, who was a passenger in the vehicle); *Ross v. State,* 486 S.W.2d 327, 328 (Tex.Crim.App. 1972) (odor of marihauna on defendant's person creates sufficient probable cause to search defendant's pockets); *Hernandez v. State,* 867 S.W.2d 900, 907 (Tex.App.—Texarkana 1993, no pet.) (odor of marijuana pro-

---

vides sufficient probable cause to search truck).

In this case, Risner was also aware of appellant's "furtive [hand] movement" toward the front of his trousers and the fact that appellant's baggy outer pants made concealment of contraband relatively easy. Under the totality of the circumstances, Risner was justified in deducing that appellant had concealed marihauna in his outer trousers. Risner possessed reasonably trustworthy facts, which would lead a man of reasonable prudence to believe that the instrumentality or evidence of a crime might be found. *See McNairy*, 835 S.W.2d at 106; *Ross*, 486 S.W.2d at 328. Thus, Risner had probable cause to search appellant's outer clothing for contraband. *See, e.g., Ross*, 486 S.W.2d at 328. Accordingly, we conclude that the trial court properly denied appellant's motion to suppress and overrule appellant's first point.

In his second point, appellant asserts that Risner's search also violated his rights under article I, section nine of the Texas Constitution. However, because appellant has failed to provide any substantive analysis or argument showing how the protection offered by the Texas Constitution differs than that provided by the federal constitution, only his federal constitutional claim is properly before this court. *See Norris v. State*, 902 S.W.2d 428, 446 n. 22 (Tex.Crim.App.), *cert. denied*, 516 U.S. 890, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995); *McCambridge v. State*, 712 S.W.2d 499, 501–02 n. 9 (Tex.Crim.App.1986).

Further, current interpretation of article I, section nine of the Texas Constitution is consistent with interpretation of the Fourth Amendment to the United States Constitution. *See Johnson v. State*, 834 S.W.2d 121, 124 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *State v. Grant*, 832 S.W.2d 624, 628 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd); *Cook v. State*, 832 S.W.2d 62, 65 (Tex. App.—Dallas 1992, no pet.). Accordingly, appellant's second point is overruled.

## Conclusion

We dismiss for want of jurisdiction appellant's appeal in cause number 97–402–CR. Having overruled both of appellant's points, we affirm the judgment of the trial court in cause number 97–403–CR.

DAUPHINOT, J., filed a concurring opinion.

DAUPHINOT, Justice, concurring.

I agree with the majority's conclusion that the trial judge properly denied Appellant's motion to suppress. However, I would find that we have jurisdiction to consider Appellant's complaint of errors occurring at the adjudication hearing. Although this court has held that the prohibition of appeal from an adjudication hearing is nearly absolute,[1] we were in error to do so.

The court of criminal appeals has stated, in unequivocal terms, that an appellate court may consider certain issues arising from the adjudication hearing: "[A]n appellate court must sort out various rulings a trial court may make in the course of a deferred adjudication proceeding to determine those which the Legislature provided the right to appeal."[2] Thus, we have been in error to summarily dismiss a claim simply because it arises from the deferred adjudication proceeding. Our high court has mandated that we sift through claims to locate those grounded on an appealable right.[3] Deprivation of due process is such a right. Code of criminal procedure 42.12, section 5(b) provides:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original

1. *See Tillman v. State*, 919 S.W.2d 836, 837 (Tex. App.—Fort Worth 1996, pet. ref'd).

2. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim.App.1992).

3. *See id.*

charge. No appeal may be taken from this determination.[4]

Read in conjunction with section 21, which mandates a hearing on the allegations in the petition to revoke community supervision, it is clear that a defendant is entitled to require the State to prove the alleged violations. The second sentence of section 5(b) guarantees the defendant the right to a hearing to determine whether the court will adjudicate guilt. My reading of *Olowosuko v. State* and sections 5(b) and 21 leads me to conclude that there is a right to appeal a deprivation of due process at this adjudication hearing.

In reading a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."[5] In common usage, a hearing is a "proceeding of relative formality ... in which witnesses are heard and evidence presented .... in much the same manner as a trial."[6] As a reviewing court, we have "jurisdiction to determine if a 'hearing' was held that satisfied the requirements of substantive and procedural due process."[7] A proceeding in which due process is disregarded, or where there is incompetent evidence to support adjudication, is not a "hearing" within the meaning of section 5(b).

It follows that an appeal alleging due process deprivation or insufficient evidence is not prohibited by the terms of section 5(b) because these claims, in effect, allege that no "hearing" was held. Because no "hearing" has been held under these circumstances, the section 5(b) prohibition does not apply. An appeal on those grounds is not statutorily barred by section 5(b) or any other section. Therefore, it is controlled by the general provisions of article 44.02.[8] Thus, the legis-

lature has not denied the right to appeal due process deprivation.

Although the third sentence of section 5(b) prohibits the defendant's questioning the decision to adjudicate, it does not prohibit his challenging the procedure of adjudication. The right to appeal is generally grounded in the federal and state constitutions. The constitutions, not the legislatures, established the United State Supreme Court, the Texas Court of Criminal Appeals, and the Texas Supreme Court.

State court judges are bound by the federal constitution and all federal laws.[9] Should the highest court of any state uphold a violation of the federal constitution, it would be the duty of the United States Supreme Court to reverse that ruling.[10] The United States Supreme Court "has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts."[11]

The cornerstone of the restricted appeal from an adjudication hearing is not that the right to appeal is a legislatively created right, as this court has erroneously stated in the past. Rather, it is that the constitutionally-grounded right to appeal may be regulated by the legislature.[12] Specifically, "in this state, the right of appeal is conferred only by the Constitution, with such exceptions or limitations as the legislature directs by statute."[13] Constitutional guarantees of due process and equal protection require that once the right to appeal a criminal conviction exists, it must be fairly applied.

4. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.1998) (emphasis added).

5. Tex. Gov't Code Ann. § 311.011(a) (Vernon 1988).

6. Black's Law Dictionary 721 (6 th ed.1990).

7. *Eldridge v. State*, 731 S.W.2d 618, 619 (Tex. App.—Houston [1st Dist.] 1987, no pet.)

8. Tex.Code Crim. Proc. Ann. art. 42.02 (Vernon 1979).

9. U.S. Const. art. VI.

10. *See* U.S. Const. art. III, § 2, art. VI; *Blackledge v. Perry*, 417 U.S. 21, 25 n. 4, 94 S.Ct. 2098, 2101 n. 4, 40 L.Ed.2d 628, 633 n. 4 (1974).

11. *Rinaldi v. Yeager*, 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577, 581 (1966).

12. *See id.; Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992).

13. *Millican v. State*, 145 Tex.Crim. 195, 167 S.W.2d 188, 191 (1942).

The legislature has prohibited the defendant's questioning the decision to adjudicate.[14] The legislature has not prohibited his challenging the procedure, that is the propriety of the conduct, of the adjudication hearing. Were we to continue blindly to adhere to the notion that there are no constitutional limits to the legislature's authority to regulate appeals, we would be forced to find that the legislature could write into every statute it passes that there could be "no appeal challenging the constitutionality of this statute."

To hold that the legislature may suspend all constitutional guarantees to persons on deferred adjudication community supervision invites capricious and arbitrary decisions to adjudicate.[15] The law is well established that defendants are entitled to due process in community supervision[16] and parole[17] revocation hearings. Similarly, section 5(b) "does not deprive this Court of jurisdiction to determine if a 'hearing' was held that satisfied the requirements of substantive and procedural due process."[18] As an appellate court, we must ensure that constitutional protections are honored. In doing so, we are obligated to entertain claims regarding the constitutionality of a statute or constitutional violations in the statute's application.

I would hold that Appellant may challenge the admissibility of evidence at the adjudication hearing as well as the legal sufficiency of evidence to prove a violation. He may challenge the impartiality of the judge and the fairness of the proceeding. But once it is clear that his due process interests were adequately protected, the decision to adjudicate, lying within the sound discretion of the judge, may not be appealed.

---

**14.** *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1998).

**15.** Of course, an 11.07 writ *is* always available, but it seems an unnecessary burden to place on the court of criminal appeals.

**16.** *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656, 662 (1973); *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex.Crim. App. [Panel Op.] 1979).

**17.** *See Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972).

**18.** *Eldridge*, 731 S.W.2d at 619; *see Gilbert v. State*, 852 S.W.2d 623, 625–26 (Tex.App.—Amarillo 1993, no pet.) ("[A]rt.42.12, § 5(b) .... is not intended to preclude challenges to all of the rulings a trial court may potentially make in the course of a deferred adjudication proceeding....

The adjudication hearing must provide a defendant with minimum substantive and procedural due process protection."); *Goins v. State*, 826 S.W.2d 733, 735 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *see also Homan v. Hughes*, 708 S.W.2d 449, 452 (Tex.Crim.App.1986) ("Nothing in Art. 42.12, supra, prohibits appeal of matters unrelated to the determination of guilt after a deferred adjudication. In fact, a plain reading of the germane section indicates just the opposite."); *Wright v. State*, 592 S.W.2d 604, 605 (Tex.Crim.App. [Panel Op.] 1980); *Earley v. State*, 855 S.W.2d 260, 261–63 (Tex.App.—Corpus Christi 1993), *pet. dism'd, improvidently granted*, 872 S.W.2d 758 (Tex.Crim.App.1994); *De Leon v. State*, 797 S.W.2d 186, 187–88 (Tex. App.—Corpus Christi 1990, no pet.) ("[A] body of decisional law has developed to allow a defendant to raise limited challenges to the trial court's decision to adjudicate."); *Fuller v. State*, 653 S.W.2d 65, 65–67 (Tex.App.—Tyler 1983, no pet.)