# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00419-CR

**William Douglas Ellard II, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY,
NO. 01-5510-2, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

William Douglas Ellard II was charged with possessing a usable quantity of marihuana weighing two ounces or less. *See* Tex. Health & Safety Code Ann. ' 481.121(a), (b)(1) (West Supp. 2003). After his motion to suppress evidence was denied, Ellard entered a plea of no contest, reserving his right to appeal the court=s ruling on the motion to suppress. The trial court found Ellard guilty and assessed punishment at imprisonment for 180 days and a $2,000 fine. The sentence was probated for twenty-one months, as was $1,000 of the fine, with three days confinement as a condition of probation. In three issues, Ellard contests the validity of the roadside search of his person.

## BACKGROUND

Kelsey Rich was pulled over by a Williamson County deputy sheriff in October 2001 after committing a minor traffic violation. Appellant William Ellard was a passenger in the car. The deputy, Officer Vivas, was operating alone that evening.

When Officer Vivas approached Rich, he noticed that one of her hands was visibly shaking on the steering wheel. Alerted by her unusual nervousness, Officer Vivas asked Rich to step out of the vehicle. While they stood behind her car, Officer Vivas asked her questions and learned from Rich that there Amight be@marihuana in the car. Officer Vivas asked whether Ellard smoked marihuana; Rich replied that he did. Rich also told Officer Vivas that Ellard was Aprobably@ in possession of marihuana. Rich consented to a search of the vehicle, at which point Officer Vivas asked Ellard to step out of the car. The car search did not uncover any contraband, but Officer Vivas smelled marihuana on Ellard, a smell Ellard attributed to being around friends who were smoking earlier that night. Without Ellard=s consent, Officer Vivas then conducted a pat-down search of Ellard and felt a Alump@above Ellard=s crotch. He asked Ellard to show his waistband and discovered a small bag of marihuana. Ellard was then arrested.

## DISCUSSION

Ellard argues that the court=s denial of his motion to suppress was an abuse of discretion. He contends that the search of his person violated his right to be free from unreasonable search and seizure under the U.S. Constitution. *See* U.S. Const. amend. IV. He also claims that the search was a violation of his rights under Article I, Section Nine of the Texas Constitution. *See* Tex. Const. art. I, ' 9. Since Ellard does not provide any substantive analysis or argument showing how the protection offered by the Texas Constitution differs from that provided by the U.S. Constitution, we only review his federal constitutional claim. *See Norris v. State*, 902 S.W.2d 428, 446 n.22 (Tex. Crim. App. 1995); *Morehead v. State*, 807 S.W.2d 577, 579 n.1 (Tex. Crim. App. 1991). Evidence obtained in violation of constitutional rights is not admissible against the accused. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2003). Ellard claims that the search violated the constitution because Officer Vivas lacked probable cause to search him for drugs and was not justified in searching him for weapons under the *Terry v. Ohio* exception to the probable-cause requirement. *See* 392 U.S. 1 (1968). For reasons explained below, we hold that the officer=s search did not violate Ellard=s constitutional rights.

The ruling on a motion to suppress evidence presents a mixed question of law and fact. As a general rule, we defer to the trial court=s determination of the historical facts, as supported by the record, especially when the trial court=s factual findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression-of-evidence hearing, the judge is the exclusive trier of fact and evaluator of the credibility and weight of the evidence. An appellate court must therefore view the record and draw all reasonable factual inferences in a light that is most favorable to the judge=s ruling. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). We

3

also defer to the trial court=s application of the law to fact issues if the resolution of those issues is tied to an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. However, when the resolution of a mixed question of law and fact does not involve an evaluation of credibility and demeanor, we review the issue *de novo. Id*.

A warrantless search violates the constitutional protection against unreasonable searches unless there is probable cause to conduct the search and obtaining a warrant at the time is impracticable. *Washington v. State*, 660 S.W.2d 533, 535 (Tex. Crim. App. 1983); *Barber v. State*, 611 S.W.2d 67, 69 (Tex. Crim. App. [Panel Op.] 1981). Ellard does not dispute the impracticability of obtaining a warrant in this case. He only argues that Officer Vivas lacked probable cause.

The standard for probable cause is no less stringent in a warrantless search than that required to be shown to support the issuance of a search warrant. *Washington*, 660 S.W.2d at 535. Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a person of reasonable prudence to believe that the instrumentality of a crime or evidence pertaining to a crime will be found. *McNairy v. State*, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991).

The odor of marihuana generally provides probable cause to search for evidence of criminal activity. *See Ross v. State*, 486 S.W.2d 327, 328 (Tex. Crim. App. 1972); *Small v. State*, 977 S.W.2d 771, 774 (Tex. App.CFort Worth 1998, no pet.); *cf. Isam v. State*, 582 S.W.2d 441, 444 (Tex. Crim. App. [Panel Op.] 1979). In cases with similar facts to those in this case, other courts of appeal have upheld findings of probable cause. In *Small v. State*, after seeing Arolling papers@ on a car dashboard, an

4

arresting officer was found to have probable cause to search a passenger who smelled of marihuana and made Afurtive movements@as the officer approached the car. *Small*, 977 S.W.2d at 774; *see also Cooper v. State*, 629 S.W.2d 69, 71 (Tex. App.CDallas 1982), *rev=d on other grounds*, 648 S.W.2d 315 (smell of marihuana gave officer probable cause to search for drug).

In the present case, Officer Vivas=s observation of Rich=s nervous behavior was his first signal of suspicious activity. He then learned from her that Ellard was Aprobably@ in possession of marihuana.[1] When he asked Ellard to step out of the car, he smelled a strong odor of marihuana. These circumstances would warrant a reasonable and prudent officer to believe that Ellard had committed or was committing a crime, namely possession of marihuana. *See, e.g.*, *Small*, 977 S.W.2d at 775. We are satisfied that Officer Vivas had probable cause to search Ellard.[2]

---

[1] Ellard claims that the officer had no right to rely on Rich=s statement because her veracity was not verified, citing *Adair v. State*, 482 S.W.2d 247 (Tex. Crim. App. 1972). *Adair* is not on point. It concerns the narrow question of what extra information a magistrate must have to issue a search warrant that is otherwise based entirely on an affidavit reciting information received from an informer. *Id*. at 249. We are not concerned here with the question of whether a police officer=s hearsay statements concerning what an informer told him would alone create probable cause; instead we must determine whether Officer Vivas=s partial reliance on Rich=s statement was reasonable and appropriate in the circumstances of this case. Given the totality of the circumstances, it unquestionably was.

[2] Officer Vivas testified that he was actually searching for weapons and did not himself believe that he had probable cause to search Ellard for drugs. However, a police officer=s subjective motive will never invalidate objectively justifiable behavior under the Fourth Amendment. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). Subjective intentions play no role in an ordinary, probable-cause Fourth Amendment analysis. *Id.*

Because we hold that Officer Vivas had probable cause to search Ellard for drugs, we need not address the question of whether he was justified in searching Ellard for weapons under the *Terry v. Ohio* exception to the probable-cause requirement.

## CONCLUSION

The trial court did not err in failing to suppress the marihuana evidence. Based on the facts and circumstances at the time, the arresting officer had probable cause to search Ellard for drugs. The trial court judgment is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 8, 2003

Do Not Publish

6