In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00107-CV

                                                ______________________________

 

 

                                                  S.
WILT, Appellant

 

                                                                V.

 

               CITY OF GREENVILLE POLICE DEPARTMENT, Appellee

 

 

                                                                                                  


 

 

                                          On Appeal from the County Court at Law #1

                                                              Hunt County, Texas

                                                        Trial Court
No. CC1000325

 

                                                              
                                    

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            The City of
Greenville Police Department (City) towed S. Wilt’s vehicle from his real
property after stopping him for a traffic offense.  Wilt sued the City to recover the costs
charged to him for the towing—the sum of $126.65—asserting that the City did
not have probable cause to tow his vehicle.

            After Wilt
was the first and only witness[1]
in his case in chief in a bench trial de novo before County Court at Law Number
1 of Hunt County, the City was awarded a directed verdict.  Wilt appeals from that directed verdict.[2]

            Because,
under the standard of review of a directed verdict, there was evidence of
probative force to at least raise a fact issue on Wilt’s claim to allow the
claim to survive a motion for directed verdict, we must reverse the directed
verdict and remand this cause to the trial court for further proceedings.

            A trial
court’s directed verdict is reviewed de novo. 
John v. Marshall Health Servs.,
91 S.W.3d 446, 450 (Tex. App.—Texarkana 2002, pet. denied) (citing Knorpp v. Hale, 981 S.W.2d 469, 471 (Tex.
App.—Texarkana 1998, no pet.)).  When
reviewing the directed verdict in this case, we must consider the evidence in
the light most favorable to Wilt, disregarding all contrary evidence and
inferences, and giving Wilt the benefit of all reasonable inferences raised by
the evidence.  Id. (citing Qantel Bus. Sys.
v. Custom Controls Co., 761 S.W.2d 302, 303 (Tex. 1988)).  If there is any evidence of probative force to
raise a fact issue on the material question of probable cause, a directed
verdict is improper.  Id.

            City of
Greenville Police Officer Herron stopped Wilt for a traffic violation.  After driving a short distance, Wilt finally
came to rest in the driveway of a house he owned, but did not live in, in
Greenville.  The officer arrested Wilt
for the traffic violation.  Because
Wilt’s driver’s license address reflected that he lived in nearby Quinlan,
Texas, and Wilt confirmed his residence as the Quinlan address, the officer towed
Wilt’s vehicle from his property.

            Alleging
that the vehicle was improperly towed, Wilt requested a “Tow Hearing” pursuant
to Chapter 2308 of the Texas Occupations Code, listing the City as the
respondent.  Wilt complained that,
because he had previously filed a “trespass complaint” with the City proving he
owned the Greenville house and told the officer the house was his, the officer
should not have towed the vehicle.  

            Greenville
City ordinances authorize police officers to tow vehicles under certain
circumstances.  Greenville, Tex.,
Ordinance Sec. 6.07.008 (1990).  “When a vehicle is towed pursuant to a police pull, the owner of said
vehicle shall be afforded the right to a hearing as provided in Texas
Transportation Code, chapter 685.”  Greenville,
Tex., Ordinance Sec. 6.07.011(a) (1990). 
Chapter 685 of the Texas Transportation Code was renumbered as
Chapter 2308 of the Texas Occupations Code.  Section 2308.452 states that the owner of a
vehicle “that has been removed and placed in a vehicle storage facility . . .
without the consent of the owner or operator of the vehicle is entitled to a
hearing on whether probable cause existed for the removal and placement.”  Tex.
Occ. Code Ann. § 2308.452 (Vernon Supp. 2010).

            The primary
issue at a hearing conducted under Chapter 2308 is whether probable cause
existed for the removal and placement of the vehicle.  Tex.
Occ. Code Ann. §§ 2308.451–.452 (Vernon Supp. 2010).  Jurisdiction to conduct these probable cause
tow hearings is given to the justice of the peace[3]
or magistrate in the jurisdiction from which the vehicle was removed.  Tex.
Occ. Code Ann. § 2308.453 (Vernon Supp. 2010).  If the court conducting the hearing finds
there was probable cause for the authorization of the removal and storage of
the vehicle, the “person who requested the hearing shall pay the costs of the
removal and storage.”  Tex. Occ. Code Ann. § 2308.451(a).  On the other hand, if the court finds no
probable cause for the removal and storage of the vehicle, “the towing company,
vehicle storage facility, or parking facility owner or law enforcement agency
that authorized the removal shall” pay the costs of removal and storage or
reimburse the owner or operator for removal and storage costs already paid by
the owner or operator.  Tex. Occ. Code Ann. § 2308.451(b).

            Probable
cause, in the context of a tow hearing, “exists when reasonably trustworthy
facts and circumstances within the knowledge of the officer on the scene would
lead a man of reasonable prudence to believe that the instrumentality of a
crime or evidence of a crime will be found.”[4]
 Senter
v. City of Dallas, No. 05-05-01416-CV, 2006 WL 3218548, at *2 (Tex.
App.—Dallas Nov. 8, 2006, no pet.) (citing
Small v. State, 977 S.W.2d 771, 774 (Tex. App.—Fort Worth 1998, no
pet.)).  Under City of Greenville
ordinances, an officer is also authorized to impound a vehicle “[w]hen any
vehicle is otherwise legally parked so as to block the entrance to any private
driveway” or “[w]hen any such officer arrests any person driving or in control
of a vehicle for an alleged offense and such officer is by this article or
other law required to take the person arrested immediately before a magistrate
and it is unsafe to leave the vehicle unattended at the scene.”  Greenville, Tex., Ordinance Sec. 6.07.008(2),
(6).  Probable cause “is a flexible,
common sense standard requiring only a probability of suspect activity rather
than an actual showing of such activity.”  Id.  Under the “totality of the circumstances”
approach, law enforcement officers are permitted to draw logical inferences and
make intelligent deductions from the totality of the circumstances.  Id. (citing
Jackson v. State, 745 S.W.2d 4, 10
(Tex. Crim. App. 1988)).

            The only
evidence at trial came from Wilt’s testimony and two exhibits admitted into
evidence, one of which was stipulated. 
No contrary evidence or testimony was presented.  From Wilt’s presentation of his case in
chief, there was no evidence of any articulable facts that would cause the
officer to believe—and in fact no evidence that the officer did believe—the
instrumentality of a crime or evidence of a crime would be found if he towed
the vehicle.  Wilt was arrested for a
traffic offense.  Although the officer
could tow the vehicle if it blocked “the entrance to any private driveway,” the
only evidence during Wilt’s case in chief was to the effect that the property
belonged to Wilt and that Wilt notified the officer of that fact.

            The officer
would have been authorized to tow the vehicle on still another basis; that is,
if he was required to take Wilt immediately before a magistrate and it was
unsafe to leave the vehicle unattended at the scene.  During Wilt’s case in chief, however, no
evidence was adduced of either of those conditions.

            A person
arrested for a misdemeanor traffic violation is required to be taken
immediately before a magistrate if arrested on a charge for failure to stop in
the event of an accident causing damage to property, if he or she demands an
immediate appearance before the magistrate, or if he or she refuses to make a
written promise to appear in court.  Tex. Transp. Code Ann. § 543.002
(Vernon 1999).  By the time the trial
court granted the City’s motion for directed verdict, there had been no
evidence supporting any of those alternatives. 
Other than Wilt’s testimony that he was arrested for a misdemeanor
“Class C fineable offense,” the record does not clarify the nature of the
traffic offense.  

            There was
evidence that the real property from which the vehicle was towed was not
occupied by any individual.  But for that
evidence, nothing suggests any danger in leaving the vehicle there,
untowed.  No evidence in this record
establishes the type of neighborhood or that there would be any expected danger
of a parked car in those environs.

 

            We are
required to review the grant of a motion for directed verdict, such as this
one, by viewing the evidence in a light most favorable to Wilt.  Because we are guided by the standard of
review, we view Wilt’s evidence as at least raising a fact issue.  We sustain Wilt’s point of error.

            Accordingly,
we reverse the trial court’s judgment and remand for proceedings consistent
with our opinion.  

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          April
26, 2011

Date Decided:             April
29, 2011

 

 

 

 











[1]A
written statement from a neighbor was admitted as Plaintiff’s Exhibit 1 and was
stipulated to by the City.  That
statement included a sentence, “When they pulled [Wilt] over he was on his
property at 732 Forrester St, Greenville, TX.” 
Also admitted, marked as Plaintiff’s Exhibit 2, was a document titled
“Criminal Trespass Notice” and dated April 8, 2010, directed from Wilt
describing as his own property 730, 732, and 734 Forrester Street in
Greenville, a notice endorsed by Officer Herron, the same officer that stopped
Wilt and directed that his vehicle be towed. 


 





[2]Citing
the low amount in controversy, the City declined to file a formal brief, but
asserted in a letter that probable cause to tow was supplied by the fact that
Wilt’s home address was different from the address from which the vehicle was
towed.





[3]The
justice of the peace presiding over the initial hearing concluded that
“probable cause existed for removal and impoundment of [Wilt’s] vehicle.”  Wilt appealed this decision to the trial
court from which this appeal is taken.  That
court, after presentation of only Wilt’s case in chief, entered judgment in
favor of the City on the directed verdict motion of the City.  





[4]The
City argues that, because Wilt requested the tow hearing, the burden of proof
was on him.  Tex. Occ. Code Ann. § 2308.458  (Vernon Supp. 2010).  While correct, the uncontested evidence was
that the officer towed the vehicle from Wilt’s driveway when there was no
evidence requiring the vehicle to be towed.