

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00345-CR

CURTIS MARVIN MCKINNEY                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I.  Introduction

In a single point, Appellant Curtis Marvin McKinney appeals the denial of his motion to suppress and resulting conviction for possession of a controlled substance of less than one gram (cocaine).  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

McKinney was charged with possession of a controlled substance of less than one gram (cocaine), and he filed a motion to suppress evidence.

During the suppression hearing, Arlington Police Officer Justin Leathers testified that he was conducting a routine patrol of a high-crime public park with his partner when he saw a parked vehicle with an expired registration.[2] Later, when Officer Leathers and his partner began their foot patrol, he noticed another registration discrepancy with the vehicle, requiring further investigation. As he approached the driver's side of the vehicle, he smelled the odor of burning marijuana through the vehicle's open window. He asked McKinney, the vehicle's only occupant, if that was his vehicle, and McKinney told him that he had just purchased it.[3]

Officer Leathers asked dispatch to run the vehicle's registration and license plate and learned that the registration sticker belonged to a different vehicle. While waiting for this information, McKinney seemed extremely nervous. For officer safety, Officer Leathers asked McKinney to keep his hands on the

---

[2]Officer Leathers stated that during a routine patrol, he and his partner check registrations and look for subjects with qualified warrants, sex offenders, and anyone else that should not be hanging around the park. He stated that the park was in a high crime area that included drug use, drug sales, gang activity, burglaries, and violent crimes, including shootings.

[3]During trial, Officer Leathers testified that with regard to the marijuana odor, he asked McKinney about whether he had anything in the car, and McKinney said that he had smoked a joint earlier.

steering wheel; after the third time that he had to ask McKinney to do so, he asked McKinney to step out of the vehicle. Officer Leathers then patted McKinney down for possible weapons and searched the vehicle "in reference to the probable cause that [he] had for the odor of marijuana." Officer Leathers found three or four individual baggies of what appeared to him to be marijuana, as well as a white rock-like substance that he thought was crack cocaine, in the engine compartment. He did not find anything else in the vehicle.

The trial court denied McKinney's motion to suppress this evidence. During trial, the jury heard the same testimony set out above, as well as the testimony of a forensic chemist, who stated that the white rock-like substance was .42 grams of cocaine. The jury convicted McKinney of the charged offense, and the trial court sentenced McKinney to fifteen months' confinement in state jail. This appeal followed.

### III.  Suppression

In his sole point, McKinney argues that the trial court erred by admitting the seized contraband over his Fourth Amendment objection "that his vehicle was searched sans probable cause." Citing *State v. Steelman*, 93 S.W.3d 102, 108 (Tex. Crim. App. 2002), McKinney argues that the odor of marijuana, standing alone, only authorizes an initial detention and a limited search for weapons, so any search beyond the vehicle's passenger compartment was illegal and the evidence found in the engine compartment should have been suppressed.

3

While the court of criminal appeals has held that "[t]he odor of marijuana, standing alone, does not authorize a warrantless search and seizure *in a home*," *Steelman*, 93 S.W.3d at 108 (emphasis added), it has long held that probable cause exists to search an automobile when the odor of marijuana is discovered. *Luera v. State*, 561 S.W.2d 497, 498 (Tex. Crim. App. [Panel Op.] 1978) (citing earlier cases); *see Moulden v.* State, 576 S.W.2d 817, 820 (Tex. Crim. App. [Panel Op.] 1978) ("We therefore conclude . . . that police officers . . . had probable cause to search the vehicle . . . after detecting the odor of burnt marihuana."); *see also Steelman*, 93 S.W.3d at 112 (Cochran, J., concurring) (noting that *Steelman*'s facts had nothing to do with a *vehicle* search); *Small v. State*, 977 S.W.2d 771, 774 (Tex. App.—Fort Worth 1998, no pet.) (stating that the odor of marijuana alone is sufficient to constitute probable cause to search a defendant's vehicle or objects within the vehicle). Because Officer Leathers had probable cause to search McKinney's vehicle upon smelling the odor of burned marijuana coming from it, we overrule McKinney's sole point. *See Small*, 977 S.W.2d at 771; *see also Gant v. State*, 116 S.W.3d 124, 135 (Tex. App.—Tyler 2003, pet. ref'd) ("The odor of marijuana alone provides . . . sufficient probable cause for an officer to believe marijuana is concealed in the vehicle.").

## IV.  Conclusion

Having overruled McKinney's sole point, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 27, 2011