02-10-345-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00345-CR

 

 


 
 
 Curtis Marvin McKinney
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.    
  Introduction

In a
single point, Appellant Curtis Marvin McKinney appeals the denial of his motion
to suppress and resulting conviction for possession of a controlled substance
of less than one gram (cocaine).  We affirm.

II.  Factual
and Procedural Background

McKinney
was charged with possession of a controlled substance of less than one gram
(cocaine), and he filed a motion to suppress evidence.

During
the suppression hearing, Arlington Police Officer Justin Leathers testified
that he was conducting a routine patrol of a high-crime public park with his
partner when he saw a parked vehicle with an expired registration.[2]
 Later, when Officer Leathers and his partner began their foot patrol, he
noticed another registration discrepancy with the vehicle, requiring further
investigation.  As he approached the driver’s side of the vehicle, he smelled
the odor of burning marijuana through the vehicle’s open window.  He asked
McKinney, the vehicle’s only occupant, if that was his vehicle, and McKinney
told him that he had just purchased it.[3]

Officer
Leathers asked dispatch to run the vehicle’s registration and license plate and
learned that the registration sticker belonged to a different vehicle.  While
waiting for this information, McKinney seemed extremely nervous.  For officer
safety, Officer Leathers asked McKinney to keep his hands on the steering
wheel; after the third time that he had to ask McKinney to do so, he asked
McKinney to step out of the vehicle.  Officer Leathers then patted McKinney
down for possible weapons and searched the vehicle “in reference to the
probable cause that [he] had for the odor of marijuana.”  Officer Leathers
found three or four individual baggies of what appeared to him to be marijuana,
as well as a white rock-like substance that he thought was crack cocaine, in
the engine compartment.  He did not find anything else in the vehicle.

The
trial court denied McKinney’s motion to suppress this evidence.  During trial,
the jury heard the same testimony set out above, as well as the testimony of a
forensic chemist, who stated that the white rock-like substance was .42 grams
of cocaine.  The jury convicted McKinney of the charged offense, and the trial
court sentenced McKinney to fifteen months’ confinement in state jail.  This
appeal followed.

III. 
  Suppression

In
his sole point, McKinney argues that the trial court erred by admitting the
seized contraband over his Fourth Amendment objection “that his vehicle was
searched sans probable cause.”  Citing State v. Steelman, 93 S.W.3d 102,
108 (Tex. Crim. App. 2002), McKinney argues that the odor of marijuana,
standing alone, only authorizes an initial detention and a limited search for
weapons, so any search beyond the vehicle’s passenger compartment was illegal
and the evidence found in the engine compartment should have been suppressed.

While
the court of criminal appeals has held that “[t]he odor of marijuana, standing
alone, does not authorize a warrantless search and seizure in a home,” Steelman,
93 S.W.3d at 108 (emphasis added), it has long held that probable cause exists
to search an automobile when the odor of marijuana is discovered.  Luera v.
State, 561 S.W.2d 497, 498 (Tex. Crim. App. [Panel Op.] 1978) (citing
earlier cases); see Moulden v. State, 576 S.W.2d 817, 820 (Tex.
Crim. App. [Panel Op.] 1978) (“We therefore conclude . . . that police officers
. . . had probable cause to search the vehicle . . . after detecting the odor
of burnt marihuana.”); see also Steelman, 93 S.W.3d at 112 (Cochran, J.,
concurring) (noting that Steelman’s facts had nothing to do with a vehicle
search); Small v. State, 977 S.W.2d 771, 774 (Tex. App.—Fort Worth 1998,
no pet.) (stating that the odor of marijuana alone is sufficient to constitute
probable cause to search a defendant’s vehicle or objects within the vehicle). 
Because Officer Leathers had probable cause to search McKinney’s vehicle upon
smelling the odor of burned marijuana coming from it, we overrule McKinney’s
sole point.  See Small, 977 S.W.2d at 771; see also Gant v.
State, 116 S.W.3d 124, 135 (Tex. App.––Tyler 2003, pet. ref’d) (“The odor
of marijuana alone provides . . . sufficient probable cause
for an officer to believe marijuana is concealed in the vehicle.”).

IV.  Conclusion

Having
overruled McKinney’s sole point, we affirm the trial court’s judgment.

 

 

BOB MCCOY
JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 27, 2011









[1]See Tex. R. App. P. 47.4.





[2]Officer Leathers stated
that during a routine patrol, he and his partner check registrations and look
for subjects with qualified warrants, sex offenders, and anyone else that
should not be hanging around the park.  He stated that the park was in a high
crime area that included drug use, drug sales, gang activity, burglaries, and violent
crimes, including shootings.





[3]During trial, Officer
Leathers testified that with regard to the marijuana odor, he asked McKinney
about whether he had anything in the car, and McKinney said that he had smoked
a joint earlier.