The STATE of Texas, Appellant,

v.

Rene Rolando GARZA, Appellee.

NUMBER 13–16–00415–CR

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Delivered and filed April 6, 2017

Rehearing Overruled May 8, 2017

---

Hon. Rogelio Solis, Attorney at Law, P.O. Box 2307, Edinburg, TX 78540, Attorney of Record for the Appellant.

Hon. Michael W. Morris, Assistant Criminal District Attorney, 100 N. Closner, Edinburg, TX 78539, Attorney of Record for the Appellee.

Before Justices Contreras, Benavides and Longoria

## MEMORANDUM OPINION

Memorandum Opinion by Justice Longoria

Appellee Rene Rolando Perez Garza was indicted on one count of possession of a controlled substance (cocaine) in an amount of four grams or more but less than 200 grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West, Westlaw through 2015 R.S.). Garza filed a motion to suppress which was initially denied; however, after granting a motion for reconsideration, the trial court granted the motion to suppress. On appeal, the State argues that the trial court erred in granting the motion to suppress. We reverse and remand.

## I. BACKGROUND

In April of 2013, Officer Herbery Castellano, an officer with the McAllen Police Department, observed a vehicle driving 57 miles per hour on a road with a speed limit of 45 miles per hour. Officer Castellano testified that he pulled over the vehicle, which was driven by Garza. As he approached the truck, he claimed that he smelled a strong odor of burnt marijuana. He testified that he asked Garza about the marijuana odor, to which Garza replied that the odor was from his son smoking marijuana in the truck. Officer Castellano asked Garza to step outside his truck.

Officer Castellano testified that he asked Garza for permission to conduct a pat down search for safety purposes. He also claims that Garza consented to this pat down. During the pat down, Officer Castellano testified that he felt several bulges and asked Garza about the bulges. Garza removed the first bulge and revealed that it was a lump of cash equaling $3,000. Officer Castellano asserted that while removing the wad of money, Garza relocated the second bulge to his front pocket. When Officer Castellano asked him about the second bulge, Garza removed the item from his pocket and revealed that it was a white rock, which Officer Castellano field tested and identified as cocaine. Garza was arrested.

On January 20, 2014, Garza filed a motion to suppress the evidence obtained as a result of the pat down. This motion was originally heard by Judge Jaime Garza, and he denied the motion in April of 2016. On June 27, 2016, Garza filed a motion for reconsideration. Judge David Sanchez [1] granted the motion to reconsider. On reconsideration, Judge Sanchez held that Officer Castellano did not articulate necessary facts to justify a pat down and that no consent was given. Judge Sanchez granted the motion to suppress on July 11, 2016.

---

1. Judge Bobby Flores is the presiding judge for the 139th Judicial District. However, the suppression hearings for this case were before visiting Judges Jaime Garza and David Sanchez.

This appeal ensued.[2]

## II. MOTION TO SUPPRESS

As its sole issue, the State argues that the trial court erred in granting Garza's motion to suppress.

### A. Standard of Review and Applicable Law

■ In reviewing a trial court's ruling on a motion to suppress, we employ a bifurcated standard, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). The record is reviewed in the light most favorable to the trial court's determination, and the judgment will be reversed only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

> Ordinarily, a police officer may not conduct a seizure and search of a suspect without probable cause that a crime has been committed. An exception to the requirement of probable cause allows the police to make a *Terry* stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause. Reasonable suspicion is a less demanding standard than probable cause, but the officer still must be able to articulate something better than an inchoate suspicion or hunch.

*In re A.T.H.*, 106 S.W.3d 338, 343 (Tex. App.–Austin 2003, no pet.) (internal citations omitted) (internal quotations omitted); *see also Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

### B. Discussion

■ The State argues that the record establishes the necessary facts to justify the pat down. Garza argues that Officer Castellano was unjustified in conducting a *Terry* frisk because he did not articulate specific facts to justify a pat down for fear of officer safety; Garza also claims that there was conflicting testimony as to whether he gave consent. We agree with the State.

Garza conceded at the hearing on the motion for reconsideration that he was not challenging Officer Castellano's testimony or credibility; Garza asserted that his motion for reconsideration was based solely on the legal issue of whether the search was justified based on the facts. Officer Castellano clearly testified that he smelled a strong odor of burnt marijuana emanating from the vehicle. Texas courts have held that "[t]he odor of [marijuana] alone is sufficient to constitute probable cause to search a defendant's person, vehicle, or objects within the vehicle." *Jordan v. State*, 394 S.W.3d 58, 64 (Tex. App.–Houston [1st Dist.] 2012, pet. ref'd) (quoting *Small v. State*, 977 S.W.2d 771, 774 (Tex. App.–Fort Worth 1998, no pet.)); *see also State v. Lindsey*, No. 13-15-00292-CR, 2016 WL 3911229, at *3 (Tex. App.–Corpus Christi July 14, 2016, no pet.) (finding that an officer had probable cause to search a vehicle's trunk because he smelled a strong odor of marijuana); *Garcia v. State*, No. 13-12-00214-CR, 2013 WL 3326027, at *2 (Tex. App.–Corpus Christi June 27, 2013, no pet.) (observing that the odor of

**2.** *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West, Westlaw through 2015 R.S.) (permitting the State to appeal a pretrial order granting a motion to suppress).

marijuana alone is sufficient to give an officer probable cause to search every individual in the vehicle the odor is coming from). Thus, we need not reach the sub-issues of whether Garza gave his consent or whether a *Terry* frisk was justified because Officer Castellano was justified in conducting more than a simple *Terry* frisk: he had sufficient probable cause to search the vehicle, objects within the vehicle, and even Garza's person for contraband. *See Jordan*, 394 S.W.3d at 64; *see also Wiede v. State*, 214 S.W.3d 17, 27 (Tex. Crim. App. 2007). We sustain the State's sole issue.

### III.   CONCLUSION

We reverse the trial court's order granting the motion to suppress and remand to the trial court with instructions to deny Garza's motion to suppress and for further proceedings in accordance with this opinion.