John McMillan MOULDEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 54937.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Stanley I. Weinberg, Dallas, for appellant.

Henry M. Wade, Dist. Atty., William M. Lamb, C. Wayne Huff, and Andy Anderson, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

Appellant was convicted for the unlawful possession of marihuana. Punishment was assessed at 30 days' imprisonment and a $200.00 fine, probated.

Appellant complains in his first two grounds of error that the trial court erred in overruling his motion to suppress the marihuana seized and the course of what he characterizes as an unlawful search and seizure. Appellant's primary contention is that the odor of burnt marihuana, standing alone, does not provide a peace officer with the requisite probable cause to conduct a warrantless search of a motor vehicle. We disagree with appellant's position.

In *Taylor v. State,* Tex.Cr.App., 421 S.W.2d 403, this Court stated, on appellant's motion for rehearing:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence." *Id.* at 407.

Initially we note that appellant does not contest the validity of the investigating police officers' original stopping of the vehicle in which he was a passenger. The police officers testified that they clocked the vehicle in which appellant was riding at 48 miles per hour in a 35 mile per hour zone. See *Borner v. State,* Tex.Cr.App., 521 S.W.2d 852; *Duncantell v. State,* Tex.Cr. App., 563 S.W.2d 252; and *Duff v. State,* Tex.Cr.App., 546 S.W.2d 283. Article 6701d, Section 153, V.A.C.S.

The police officers testified at the hearing on appellant's motion to suppress that after stopping the vehicle for speeding, they both approached the vehicle and while engaging the occupants in conversation and checking the driver's license they both detected the odor of burnt marihuana. The police officers conferred at the rear of the vehicle, requested the occupants to exit the vehicle and thereupon searched an unzipped

but closed blue overnight bag situated on the floorboards in front of the passenger (the appellant). The search of this bag revealed a plastic bag with what appeared at the time to be marihuana and which was later stipulated to, subject to the appellant's instant objections, be marihuana. Both police officers testified that they have smelled burning marihuana in their experience and were of the opinion that what they smelled at the time they stopped the vehicle in which appellant was a passenger was marihuana.

 This Court stated in *Brown v. State*, Tex.Cr.App., 481 S.W.2d 106 at 110, that:

" . . . Probable cause for a search exists where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime."

The Court earlier stated in the same opinion that:

" . . . Where probable cause is lacking, the challenged search will not be upheld merely because the exigencies of the situation precluded the obtaining of a warrant." *Id.* at 109.

It is apparent from the record before us that the searching police officer in the instant case knew what the smell of burnt marihuana was and he smelled the same smell when asking the driver for his license. It is also significant to note that the searching officer's partner made the same observation. Thus, we are confronted with more than the "inarticulate hunch, suspicion, or good faith" of a police officer which would not constitute probable cause. Appellant seeks to rely on the language found in *Taylor v. U. S.*, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (1932), and *Johnson v. U. S.*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). Unfortunately, such reliance confuses our constitutional preference for warrants with what specific facts, observations, or circumstances will constitute probable cause.

Both the *Taylor* and *Johnson* cases referred to dealt with the search of stationary structures. It has long been recognized that automobiles present different analytical problems under search and seizure principles, given their inherent mobility. This "exigent" circumstance countervails our constitutional preference for warrants and is premised on the assumption that an on-the-stop warrantless search is a lesser intrusion on the individual's privacy expectations. See *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1923); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The facts of this case establish that the police officers validly stopped a moving vehicle for a traffic violation and in pursuit of their lawful authority encountered the aroma of burnt marihuana emanating from the vehicle. Therefore, analysis of this problem falls within the "moving vehicle" exception to the warrant requirement of both federal and state constitutions. In other words, did the police officers have probable cause to search the vehicle. The United States Supreme Court wrote in *Johnson v. U. S.*, supra:

"At the time entry was demanded the officers were possessed of evidence which a magistrate might have found to be probable cause for issuing a search warrant. We cannot sustain defendant's contention, erroneously made, on the strength of *Taylor v. U. S.*, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951, that odors cannot be evidence sufficient to constitute probable grounds for any search. That decision held only that odors alone do not authorize a search without warrant. If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of most persuasive character." *Id.* at 13, 68 S.Ct. at 369.

The evidence in *Johnson,* supra, possessed by the police officers was that an informant advised them that opium was being smoked at a particular hotel. Upon their arrival, the experienced narcotics agents detected the unmistakable and distinctive odor of burning opium. *Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), teaches us that the standard for probable cause in a warrantless search is no less stringent than that required to be shown a magistrate for the issuance of a search warrant. We therefore conclude, on the basis of the foregoing authority and past decisions of this Court, that the police officers in the instant case had probable cause to search the vehicle and the overnight bag situated in front of the appellant on the floorboard after detecting the odor of burnt marihuana. See generally *Aldridge v. State,* Tex.Cr.App., 482 S.W.2d 171; *Leonard v. State,* Tex.Cr. App., 496 S.W.2d 576; *Tardiff v. State,* Tex.Cr.App., 548 S.W.2d 380.

Appellant's first two grounds of error are overruled.

■ Appellant's final contention is that the evidence is insufficient to sustain his conviction for the unlawful possession of marihuana. Appellant's first line of argument contends that there is no showing that he was in the exclusive control of the vehicle searched. However, appellant misdirects his focus. The contraband was found in an overnight bag situated immediately in front of his seat in the vehicle. When asked, appellant admitted that the bag was his. This certainly establishes that the contraband was within his care, custody, and management. As to whether he knew the substance to be contraband, we note that in addition to the recovered marihuana, the police officers seized rolling papers and a rolling machine. We conclude that the close proximity of the substance and the paraphernalia is sufficient to establish that the appellant knew that the substance was marihuana.

The appellant contends that his statement admitting the ownership of the bag was not placed into evidence during the trial on the merits. However, we note that in the presentation of the case to the court the attorney for the State stated without objection from the appellant:

"The attorney for the State and the attorney for the Defendant and the Defendant are now going to enter into a stipulation. This stipulation is to be incorporated into the record along with the testimony from the previous Motion to Suppress Hearing in this cause."

It is noted that the statement of facts from the motion to suppress hearing is in the record and that the hearing was conducted before the same county criminal court judge who conducted the actual trial. This statement of facts does reflect the evidence concerning appellant's statement.

■ Appellant's argument that the statement was obtained without a provision of *Miranda* warnings after the appellant was placed in "investigatorial custody" is not presented for review for nowhere in the record does there appear to be an objection to the admission of such statement. See *Larocca v. State,* Tex.Cr.App., 479 S.W.2d 669; *Watkins v. State,* Tex.Cr.App., 411 S.W.2d 364.

We therefore conclude that the evidence established appellant's exclusive and knowing possession of marihuana. See *Duff v. State,* supra. Appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.