TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00326-CR







Robert Herbert Beck, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT OF McCULLOCH COUNTY


NO. 8432, HONORABLE RANDY YOUNG, JUDGE PRESIDING







 Pursuant to a plea bargain agreement, appellant entered a plea of nolo contendere
to the offense of possession of a useable quantity of marihuana in an amount of less than two
ounces. See Tex. Health & Safety Code § 481.121(b)(1) (West Supp. 2000). Punishment was
assessed at confinement for 180 days probated and a fine of $500.00. In a single point of error,
appellant asserts the trial court erred in failing to grant his motion to suppress. We will affirm.

 On December 6, 1997, DPS (Department of Public Safety) trooper Bryan Payne
and McCulloch County deputy sheriff Phillip White were on patrol in Payne's DPS vehicle on
State Highway 71 when appellant was observed driving a truck-tractor at a speed of 71 miles per
hour in a 55 mile per hour zone. The legality of the initial stop of appellant is not challenged. 
Payne, a DPS trooper for fourteen years, stated that the moment he stopped appellant, he observed
his "red eyes" and "[h]is breath and person smelled of burned marihuana." Both Payne and
White testified that they were familiar with the smell of burned marihuana and that they were
experienced in investigating marihuana cases.

 Prior to entry of appellant's truck, Payne noted the smell of burned marihuana
coming from appellant's truck. Payne testified that when he opened the door of the truck, there
was "a very strong smell of burned marihuana -- it reeked of marihuana. As soon as I opened the
door, it hit me in the face."

 Deputy White maintained a position "off to the side in the bar ditch, to basically
watch for traffic -- there for safety reasons." White was "downwind of [appellant] -- I could
smell a burnt -- what we perceived as burnt marihuana smell rather strongly." Payne's search of
the cab resulted in the discovery and seizure of a useable quantity of marihuana.

 "The Texas Court of Criminal Appeals has stated consistently that when a police
officer smells marihuana probable cause exists to search for that marihuana." State v. Ensley, 976
S.W.2d 272, 275 (Tex. App.--Houston [14th Dist.] 1998, pet ref'd). Moulden v. State, 576
S.W.2d 817 (Tex. Crim. App. 1978) is virtually a mirror image of the instant cause. Moulden
held that two officers, familiar with the smell of burned marihuana, who smelled the odor of
burned marihuana after legally stopping a motor vehicle for a traffic violation, had probable cause
to conduct a warrantless search of the vehicle. Id. at 820. We hold that the officers in the instant
cause had probable cause to search the cab of appellant's truck after detecting the smell of burned
marihuana. We have reviewed the video tape made at the scene of the detention and arrest and
find that nothing in it alters our conclusion. Appellant's point of error is overruled.


 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: December 23, 1999

Do Not Publish






















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



STRONG>



 Pursuant to a plea bargain agreement, appellant entered a plea of nolo contendere
to the offense of possession of a useable quantity of marihuana in an amount of less than two
ounces. See Tex. Health & Safety Code § 481.121(b)(1) (West Supp. 2000). Punishment was
assessed at confinement for 180 days probated and a fine of $500.00. In a single point of error,
appellant asserts the trial court erred in failing to grant his motion to suppress. We will affirm.

 On December 6, 1997, DPS (Department of Public Safety) trooper Bryan Payne
and McCulloch County deputy sheriff Phillip White were on patrol in Payne's DPS vehicle on
State Highway 71 when appellant was observed driving a truck-tractor at a speed of 71 miles per
hour in a 55 mile per hour zone. The legality of the initial stop of appellant is not challenged. 
Payne, a DPS trooper for fourteen years, stated that the moment he stopped appellant, he observed
his "red eyes" and "[h]is breath and person smelled of burned marihuana." Both Payne and
White testified that they were familiar with the smell of burned marihuana and that they were
experienced in investigating marihuana cases.

 Prior to entry of appellant's truck, Payne noted the smell of burned marihuana
coming from appellant's truck. Payne testified that when he opened the door of the truck, there
was "a very strong smell of burned marihuana -- it reeked of marihuana. As soon as I opened the
door, it hit me in the face."

 Deputy White maintained a position "off to the side in the bar ditch, to basically
watch for traffic -- there for safety reasons." White was "downwind of [appellant] -- I could
smell a burnt -- what we perceived as burnt marihuana smell rather strongly." Payne's search of
the cab resulted in the discovery and seizure of a useable quantity of marihuana.

 "The Texas Court of Criminal Appeals has stated consistently that when a police
officer smells marihuana probable cause exists to search for that marihuana." State v. Ensley, 976
S.W.2d 272, 275 (Tex. App.--Houston [14th Dist.] 1998, pet ref'd). Moulden v. State, 576
S.W.2d 817 (Tex. Crim. App. 1978) is virtually a mirror image of the instant cause. Moulden
held that two officers, familiar with the smell of burned marihuana, who smelled the odor of
burned marihuana after legally stopping a motor vehicle for a traffic violation, had probable cause
to conduct a warrantless search of the vehicle. Id. at 820. We hold that the officers in the instant
cause had probable cause to search the cab of appellant's truck after detecting the smell of burned
marihuana. We have reviewed the video tape made at the scene of the detention and arrest and
find that nothing in it alters our conclusion. Appellant's point of error is overruled.


 The judgment is affirmed.