Duane Keith JENSCHKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–01–00793–CR.

Court of Appeals of Texas, San Antonio.

July 23, 2003.

Rehearing Overruled Aug. 19, 2003.

Norman Whitlow, Low Office of Norman T. Whitlow, Ilse D. Bailey, Bailey, Danford & Emerson, P.L.L.C., Kerrville, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, Matthew W. Paul, State's Prosecuting Atty., Betty Marshall, Asst. State Prosecuting Atty., Austin, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

Opinion by PAUL W. GREEN, Justice.

This Court's opinion and judgment dated April 23, 2003 are withdrawn and the following is substituted. Appellant Duane Keith Jenschke was charged with the felony offense of aggravated sexual assault. Jenschke filed a motion to suppress which was denied after a pre-trial hearing. Following the denial of his motion to suppress, Jenschke pled guilty and received a ten-year deferred adjudication. Jenschke filed a motion for new trial pursuant to Tex.R.App. P. 25.2(b)(3). He now appeals to this court in a single issue, claiming the trial court erred in denying his motion to suppress.

### Background

In July of 1997, Duane Keith Jenschke drove his niece, A. K., to her house, where she lived with her parents. Approximately two weeks after this encounter, A.K. informed her mother, who is Jenschke's older sister, that Jenschke had sexually assaulted her in their home. A.K. described the incident to her mother, specifically noting that Jenschke had worn a condom during the alleged assault, had failed to remove the condom while in the house, and had appeared to be doing something inside his truck before he pulled up his pants.

Based on the information given to them by A.K., her parents went to the house Jenschke shared with his parents. The house was empty, and A.K.'s parents attempted to gain access to Jenschke's truck. Upon finding the truck locked A.K.'s parents located a spare key and searched the truck. They found a used condom and an adult videotape hidden under the seat. A.K. and her parents did not bring charges against Jenschke until January of 2000 when they presented the evidence taken from the truck to the police.

### Standard of Review

We review a motion to suppress under a bifurcated standard of review, affording almost total deference to the court's determination of the historical facts. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Accordingly, we must view the evidence in the light most favorable to the trial court's ruling. *See id.* We review de novo "application of law to fact questions" that do not turn on an evaluation of credibility and demeanor. *Id.* When the trial court does not make findings of fact, we review the evidence in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex.Crim.App.2000).

### Discussion

The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution protect against unreasonable searches. U.S. Const. amend. IV; Tex. Const. art. I, § 9. Warrantless searches are a per se violation of the Fourth Amendment's prescription of unreasonable searches unless they fall within one of the specifically established exceptions. *Mincey v. Arizona*, 437 U.S. 385, 390, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). The burden of proving that a particular situation falls within such an exception lies directly and exclusively with the prosecution. *Russell v. State*, 717 S.W.2d 7, 9–10 (Tex.Crim.App.1986).

Jenschke contends that the evidence in question was obtained through an illegal search and seizure under the Fourth Amendment and corresponding Texas constitutional and procedural provisions and should, therefore, be inadmissible in court. On appeal, Jenschke and the State argue over whether the automobile

exception, one of the recognized exceptions to the warrant requirement, should be applied to A.K.'s parents. *See Carroll v. U.S.*, 267 U.S. 132, 156, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Colburn v. State*, 966 S.W.2d 511, 519 (Tex.Crim.App.1998); *Moulden v. State*, 576 S.W.2d 817, 819 (Tex.Crim.App.1978). However, there is no evidence A.K.'s parents were acting under the control of, or at the behest of, law enforcement rather than as plain citizens. *Cobb v. State*, 85 S.W.3d 258, 270 (Tex.Crim.App.2002). Their conduct, therefore, does not implicate constitutional restraints against governmental searches and seizures. *Id.* For a search to be illegal under federal law, the search must be the result of state action by state agents. *Id.; Walter v. United States*, 447 U.S. 649, 656, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980). Neither the Fourth Amendment nor the Texas Constitution requires trial courts to exclude incriminating evidence that was obtained by a private citizen's illegal search. *Cobb*, 85 S.W.3d at 270–71; *State v. Johnson*, 939 S.W.2d 586, 588 (Tex.Crim.App.1996). Under the Texas Code of Criminal Procedure, however, if a private citizen seizes evidence in violation of any federal or state constitutional provision or law, that evidence is subject to exclusion. TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon Supp.2003); *Johnson*, 939 S.W.2d at 587–88.

■ Under Article 38.23, if A.K.'s parents committed a crime when they took the items from Jenschke's truck, the trial court abused its discretion in denying Jenschke's motion to suppress. *Cobb*, 85 S.W.3d at 271. Under Texas Penal Code § 30.04, a person commits the offense of burglary of a vehicle if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft. TEX. P.CODE ANN. § 30.04 (Vernon Supp.

2003). A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX. P.CODE ANN. § 31.03 (Vernon Supp.2003). On the record, there is evidence showing that A.K.'s parents entered Jenschke's truck without his effective consent. There is, however, no evidence that A.K.'s parents had the intent to deprive Jenschke of his property. Rather, the record shows their intent was merely to obtain evidence. Their actions, then, were not committed in violation of the Texas Penal Code. *See* TEX. P.CODE ANN. §§ 30.04, 31.03 (Vernon Supp.2003).

Because the evidence in question was not seized in violation of Texas Penal Code § 30.04, it is not subject to exclusion under Texas Code of Criminal Procedure article 38.23. *See* TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2003). We, therefore, affirm the trial court's denial of the motion to suppress.