# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00746-CR

**Wayne Franklin Churchill, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT
### NO. 4748, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Wayne Churchill was convicted by a jury of possession of methamphetamine and sentenced by the trial court to seven years' confinement. *See* Tex. Health & Safety Code Ann. §§ 481.115(d), .102(6) (West 2003 & Supp. 2005). In two issues, he appeals the trial court's denial of his motion to suppress and the factual sufficiency of the jury's implied finding that the officer lacked probable cause to initiate a search. We will affirm.

## BACKGROUND

Officer Adam Hernandez of the McCulloch County Sheriff's Department was patrolling Highway 87 approximately three miles south of Brady when his radar showed that Churchill's truck, pulling a horse trailer, was traveling 79 miles per hour in a 70 mile per hour zone. As Hernandez passed Churchill going the other way, Hernandez observed that the truck's windows

were rolled up. Hernandez pulled Churchill over and approached the truck. Hernandez observed that the passenger and driver's side windows were both rolled down and that Churchill was the sole occupant of the truck. When Hernandez walked up to the truck, he "detected an odor of burnt marihuana coming from the inside of the vehicle" which he believed was very fresh. He asked Churchill to exit the vehicle, and he complied. Hernandez then went to the rear of the horse trailer, checked Churchill's license, and began asking Churchill a series of questions. When asked if he had ever been arrested, Churchill answered that he had previously been arrested "for possession."[1] Churchill denied that he was currently in possession of illegal weapons or narcotics. Churchill also stated that he did not know why Hernandez smelled marihuana.

Churchill refused Hernandez's request for consent to search Churchill and his truck. Hernandez decided to conduct a search anyway and proceeded to "pat Mr. Churchill down for weapons and narcotics" prior to searching the truck. Hernandez felt something in Churchill's front pockets, and upon request, Churchill removed some money. On another side of Churchill's pocket, Hernandez felt "something slick." Hernandez did not know what the object was, but he knew it was not a weapon. He asked Churchill to remove it, and, Hernandez recounted, Churchill "started backing away from me stating 'God, I don't need this. I don't need this. I need to go.'" Hernandez then placed Churchill in handcuffs "because [Hernandez] didn't know what [he] was going to get into" and removed the object, discovering that it was four small, white baggies containing a white, powdery substance.[2] Hernandez also confiscated several marihuana cigarettes rolled up in a cigarette

---

[1] The record does not reflect the details of Churchill's previous arrest.

[2] William Todsen, a criminalist with the Texas Department of Public Safety, testified that "each of the four inner zip-loc [bags] contained a substance that contained methamphetamine."

2

box located in Churchill's shirt pocket. Churchill was then arrested. A marihuana cigarette, which was three-quarters burnt, was subsequently found in the truck.

Churchill was charged with possession of methamphetamine, a second degree felony. *See id*. After the trial court denied his motion to suppress, the jury convicted him and the trial court assessed punishment at seven years' confinement. This appeal followed.

## DISCUSSION

Churchill asserts that the trial court erred by denying his motion to suppress because the search violated his federal and state constitutional rights, *see* U.S. Const. amend. IV; Tex. Const. art. I, § 9, and that the evidence was factually insufficient to support an implied finding of probable cause for the search.

### Standard of review

A trial judge is the sole trier of fact at a suppression hearing and evaluates witness testimony and credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, the judge may believe or disbelieve all or any part of a witness's testimony because the trial court observes the demeanor and appearance of a witness. *State v. Gray*, 158 S.W.3d 465, 466-67 (Tex. Crim. App. 2005).

When we review a trial court's ruling on a motion to suppress, we give great deference to the court's determination of historical facts while reviewing its application of the law *de novo*. *Maxwell*, 73 S.W.3d at 281. Because no findings of fact were filed in this case, we view the evidence in a light most favorable to the trial court's ruling and assume that the court made

3

implicit findings of fact that support its ruling, as long as the findings are supported by the record. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996); *see, e.g.*, *Hardesty v. State*, 667 S.W.2d 130, 134 n.6 (Tex. Crim. App. 1984). However, that general rule is inapplicable when the suppression issue is consensually re-litigated by the parties during trial on the merits.[3] *Rachal*, 917 S.W.2d at 809.

**Motion to suppress**

The initial burden of proof on a motion to suppress evidence on the basis of a fourth amendment violation rests with the defendant.[4] *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). The defendant meets this burden by demonstrating that the search occurred without a warrant. *Id*. Thereafter, the burden shifts to the State to prove the reasonableness of the warrantless search. *Id*. The burden may be met by showing that one of the statutory exceptions to the warrant requirement is met.

---

[3] Where the State raises the issue at trial either without objection or with subsequent participation in the inquiry by the defense, the defendant has made an election to re-open the evidence, and consideration of the relevant trial testimony is appropriate in our review. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). At trial, there was extensive testimony by Hernandez and other officers regarding the circumstances surrounding the search. At one point, Hernandez's testimony from the suppression hearing was read, and the trial court told the jury that the suppression hearing had been held previously.

[4] Churchill does not assert that article I, section 9 of the Texas Constitution provides greater protection than the fourth amendment of the United States Constitution, or provide any basis for so construing it. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9.

Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found. *McNairy v. State*, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991) (citing *Washington v. State*, 660 S.W.2d 533, 535 (Tex. Crim. App. 1983)). If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 825 (1982). We apply the "totality of the circumstances" test for determining probable cause for a warrantless search. *Torres*, No. PD-1322-04, 2005 Tex. Crim. App. LEXIS 2038, at *7 (Tex. Crim. App. Dec. 7, 2005) (citing *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991)).

It has long been recognized that, given their inherent mobility, automobiles present different analytical problems under search and seizure principles. *Moulden v. State*, 576 S.W.2d 817, 819 (Tex. Crim. App. 1978). This "exigent" circumstance countervails our constitutional preference for warrants and is premised on the assumption that an on-the-stop warrantless search is a lesser intrusion on the individual's privacy expectations. *Id*. (citing *Carroll v. United States*, 267 U.S. 132 (1923)); *see also generally Chambers v. Maroney*, 399 U.S. 42 (1970).

The smell of marihuana is sufficient probable cause to search an individual when the record demonstrates that the officer was trained to recognize the scent of burnt marihuana. *See Moulden*, 576 S.W.2d at 819 (police officers had probable cause to search car validly stopped for traffic violation when, within their lawful authority, they encountered aroma of burnt marihuana

emanating from vehicle); *Ross v. State*, 486 S.W.2d 327, 328 (Tex. Crim. App. 1972); *see also* *Hitchcock v. State*, 118 S.W.3d 844, 851 (Tex. App.—Texarkana 2003, pet. ref'd).

**Application**

Officer Hernandez testified that when he initially observed Churchill's truck on the highway, its windows were rolled up. However, after Churchill stopped, both the passenger and driver's side windows were rolled down. Hernandez smelled a fresh odor of burnt marihuana coming from the inside of the vehicle. Hernandez testified that he has been trained to detect the smell of marihuana and has dealt with the issue in over fifty cases. Churchill admitted that he had previously been arrested "for possession." As Hernandez proceeded to pat down Churchill for weapons, Hernandez felt "something slick." After being asked to remove it, Churchill "started backing away from [Hernandez] stating 'God, I don't need this. I don't need this. I need to go.'"

Under the totality of the circumstances, we find that the smell of fresh burnt marihuana emanating from the inside of a vehicle of which Churchill was the sole occupant provided Officer Hernandez, an officer trained in the detection of marihuana, with probable cause to search both Churchill and his vehicle. *See Moulden*, 576 S.W.2d at 819; *Ross*, 486 S.W.2d at 328; *Hitchcock*, 118 S.W.3d at 851. Although Churchill challenges Hernandez's credibility due to allegedly inconsistent testimony regarding whether Hernandez requested a canine unit at the scene, the trial court is the sole judge of witness testimony and credibility. *Torres,* 2005 Tex. Crim. App. LEXIS 2038, at *5-7; *Maxwell*, 73 S.W.3d at 281.

Moreover, we disagree with Churchill's contention that this case is controlled by *Minnesota v. Dickerson*, in which the Supreme Court held that "if the protective search goes beyond

what is necessary to determine if the suspect is armed, it is no longer valid under *Terry* and its fruits will be suppressed." 508 U.S. 366, 373 (1993); *see generally Terry v. Ohio*, 392 U.S. 1 (1968). *Dickerson* considered whether the fourth amendment permitted the seizure of contraband detected through a police officer's sense of touch during a protective patdown search. *See Dickerson*, 508 U.S. at 368. However, this is not a case where Hernandez was only authorized to conduct a protective patdown search. To the contrary, Hernandez had probable cause to conduct a warrantless search of Churchill and his vehicle based on the smell of freshly burnt marihuana emanating from Churchill's lawfully stopped vehicle in which Churchill was the sole occupant. We overrule Churchill's first issue.

**Factual sufficiency**

In his second issue, Churchill contends that the evidence was factually insufficient to support the jury's implied finding, submitted under article 38.23(a) of the code of criminal procedure, that the officer had probable cause to search Churchill and his truck. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (no evidence obtained by officer in violation of constitution or laws shall be admitted in evidence against accused in criminal trial; if evidence raises issue, jury shall be instructed that if it believes, or has reasonable doubt, that evidence was obtained in violation of provisions of this article, jury shall disregard evidence so obtained). However, we may only conduct a factual-sufficiency review regarding the sufficiency of the State's proof of elements of the offense. *See Hanks v. State*, 137 S.W.3d 668, 672 (Tex. Crim. App. 2004). We may not conduct a factual-sufficiency review of the admissibility of evidence when a question is submitted to the jury pursuant to article 38.23(a). *See id*. We overrule Churchill's second issue.

7

## CONCLUSION

Having overruled Churchill's issues, we affirm the orders of the trial court.

_____

W. Kenneth Law, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   February 9, 2006

Do Not Publish