**Opinion filed October 11, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-000273-CR

_____

## DONALD EUGENE SKAGGS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR20390**

### M E M O R A N D U M   O P I N I O N

The jury convicted Donald Eugene Skaggs of the offense of possession of a controlled substance with intent to deliver and assessed punishment at confinement for life. We affirm.

Although there is no challenge to the sufficiency of the evidence, we will briefly recite some of the evidence in the trial court. As sheriff's deputies executed a search warrant seeking methamphetamine located at Melinda Kay Ford Crosby's residence, Crosby informed the officers that the drugs were in a travel trailer behind her residence. Skaggs and a woman were asleep in the travel trailer, and the officers removed and detained them while they sought a

warrant to search the trailer. Meanwhile, a canine conducted an "open-air sniff" of the outside of the travel trailer and alerted at the door to the travel trailer. Deputy Billy Brown sought the search warrant for the trailer, and in his affidavit he included his past experience with Skaggs, information from Crosby that the methamphetamine was in the trailer, and the positive canine alert. The magistrate issued the warrant, and the deputies who executed the search warrant found the methamphetamine in the travel trailer.

Skaggs's sole issue on appeal is whether the trial court erred when it denied his motion to suppress. His claim is that the affidavit in support of the search warrant was insufficient to establish probable cause. Specifically, he argues both that Crosby, as a criminal informant, lacked credibility and that the magistrate could not rely on a canine sniff to find probable cause. His argument is that probable cause was lacking because the affiant did not state that the dog was a "trained narcotics detection dog or otherwise set out his qualifications." But, this is a different ground for suppression from the one that he asserted in the trial court.

A defendant waives the right to complain on appeal unless the record shows a timely and specific objection. TEX. R. APP. P. 33.1. A specific objection informs the trial judge of the basis for the objection "at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). A complaint raised for the first time on appeal is not preserved for our review. *Bell v. State*, 938 S.W.2d 35, 47–48 (Tex. Crim. App. 1996).

In his motion to suppress, Skaggs challenged the credibility of the criminal informant whose statements officers relied upon in their affidavit, and he challenged whether the affidavit showed probable cause. At a hearing on the motion, Skaggs specifically argued that "the canine sniff on the house was an unconstitutional intrusion into the privacy of the home." In response, the State argued that case law clearly holds that an open-air sniff by a canine is not a search and that "[t]hey had a valid reason to be on the property, and certainly having a dog walk any space of the property conducting a free-air search is not a constitutional violation." But on appeal, Skaggs concedes that an alert by a trained narcotics dog provides probable cause and, instead, argues that the magistrate could not rely on the alert to provide probable cause because the affiant failed to state that the canine was trained to detect illegal narcotics. Because Skaggs raised this complaint for the first time on appeal, it was not preserved for our review.

However, even if appellant had preserved the complaint, we would conclude that the trial court did not abuse its discretion when it denied Skaggs's motion to suppress.

Probable cause to support a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). We must read an affidavit in support of a search warrant in a common sense and realistic manner, and the magistrate may make reasonable inferences from the facts and circumstances found in the affidavit. *Id.* at 587–88; *Jones v. State*, 833 S.W.2d 118, 124 (Tex. Crim. App. 1992). We determine the sufficiency of the affidavit under the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 234 (1983); *Hennessy v. State*, 660 S.W.2d 87, 90 (Tex. Crim. App. 1983).

"If an affiant seeking a search warrant attests to the presence of an odor and a magistrate finds the affiant qualified to recognize the odor, this information is considered persuasive in obtaining a warrant." *Davis v. State*, 202 S.W.3d 149, 156 (Tex. Crim. App. 2006) (citing *Moulden v. State*, 576 S.W.2d 817, 819 (Tex. Crim. App. 1978)). When the affidavit contains no information regarding the affiant's training or experience, there must be specific information in the affidavit, either express or implied, that would permit a magistrate to reasonably infer the necessary experience to justify the affiant's allegations. *See Davis*, 202 S.W.3d at 156. In *Davis*, the affiant included facts that another officer on patrol smelled a strong chemical odor emanating from a residence that he associated with the manufacture of methamphetamine. *Id.* at 152. The Court of Criminal Appeals explained, "On these facts alone, without any other information, the magistrate was authorized to issue the warrant as long as the officer was 'qualified to recognize the odor.' That is the only relevant inquiry." *Id.* at 156.

In its determination, the court made two inferences that it deemed reasonable. First, because the affidavit recited that the officer was "on patrol," it did not distort common sense to infer that the officer was a "trained, commissioned police officer," which gave credibility to the officer's identification of the odor. *Id.* Second, the officer "associated" this smell with the manufacture of methamphetamine, which permits an inference that the officer had experience with the odor-causing agent. *Id.* at 157. The court reasoned that such an inference is not unreasonable "when that person may reasonably be expected to have had some experience with that kind of odor," such as police officers and methamphetamine labs. *Id.*

3

It is important to note that *Davis* turned on the standard of review. The issue was whether the court of appeals erred "by not paying sufficient deference to the magistrate's probable cause determination, applying a hypertechnical rather than a practical, common sense analysis, and failing to allow the magistrate to draw reasonable inferences from the facts stated in the affidavit." *Id.* at 154. Indeed, the court noted that it "would just as readily conclude that it was within the magistrate's discretion to *deny* this search warrant, had he originally done so." *Id.* at 157.

Although we have no established guidelines for the reliability of a "sniff" search, a positive alert provides probable cause to search. *State v. Weaver*, 349 S.W.3d 521, 527–28 (Tex. Crim. App. 2011); *Walsh v. State*, 743 S.W.2d 687, 689 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd) (citing *Florida v. Royer*, 460 U.S. 491, 506 (1983), and *United States v. Place*, 462 U.S. 696, 707 (1983)). Similarly, a police officer's identification of an odor associated with manufacturing methamphetamine provides probable cause if the officer was "qualified to recognize the odor." *Davis*, 202 S.W.3d at 156. Thus, whether the magistrate had a reasonable basis for concluding that illegal drugs could be found in appellant's trailer depends on whether the canine was qualified to recognize the odor.

The officer who signed the affidavit stated in it, in relevant part: "Brown County Sheriff's Deputy James Stroope with his K-9 Izzy conducted an open air sniff of the outside of the travel trailer. K-9 Izzy made positive alerts at the southeast entrance door to the travel trailer."

To accord the magistrate appropriate deference and to allow for any reasonably available inferences, we conclude that the magistrate had a substantial basis for concluding that the search would uncover contraband. It was not unreasonable for the magistrate to conclude that a "K-9" who conducted an "open-air sniff" was trained to detect the smell of narcotics and that, from the K-9's "positive alerts," the magistrate could reasonably infer experience with the odor-causing agent. *See Davis*, 202 S.W.3d at 156; *Miles v. State*, No. 01-08-00860-CR, 2009 WL 4358959, at *3 (Tex. App.—Houston [1st Dist.] Dec. 3, 2009, pet. ref'd) (mem. op., not designated for publication) (inferring canine's training and experience). However, we note that the best practice is for an officer to expressly include the officer's experience, training, and background information so that little is left for the magistrate to infer. *Davis*, 202 S.W.3d at 157. Although

4

too many inferences create a "tenuous rather than substantial basis," the magistrate here drew reasonably available inferences to find probable cause. *Id.*

We hold that the trial court did not err when it denied appellant's motion to suppress. Because we conclude that the positive alert alone was sufficient to establish probable cause, we need not address appellant's other argument. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT

CHIEF JUSTICE

October 11, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.