Opinion
filed October 11, 2012

 

                                                                       In The

                                                                              

  Eleventh Court of
Appeals

                                                                   __________

 

                                                        No.
11-10-000273-CR

                                                    __________

 

                            DONALD
EUGENE SKAGGS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On Appeal from
the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR20390

 



 

M E M O R A N D U M   O
P I N I O N

The jury convicted Donald
Eugene Skaggs of the offense of possession of a controlled substance with
intent to deliver and assessed punishment at confinement for life.  We affirm.

Although there is no
challenge to the sufficiency of the evidence, we will briefly recite some of
the evidence in the trial court.  As sheriff’s deputies executed a search
warrant seeking methamphetamine located at Melinda Kay Ford Crosby’s residence,
Crosby informed the officers that the drugs were in a travel trailer behind her
residence.  Skaggs and a woman were asleep in the travel trailer, and the
officers removed and detained them while they sought a warrant to search the
trailer.  Meanwhile, a canine conducted an “open-air sniff” of the outside of
the travel trailer and alerted at the door to the travel trailer.  Deputy Billy
Brown sought the search warrant for the trailer, and in his affidavit he
included his past experience with Skaggs, information from Crosby that the
methamphetamine was in the trailer, and the positive canine alert.  The
magistrate issued the warrant, and the deputies who executed the search warrant
found the methamphetamine in the travel trailer.

            Skaggs’s sole issue on
appeal is whether the trial court erred when it denied his motion to suppress. 
His claim is that the affidavit in support of the search warrant was
insufficient to establish probable cause.  Specifically, he argues both that Crosby,
as a criminal informant, lacked credibility and that the magistrate could not
rely on a canine sniff to find probable cause.  His argument is that probable
cause was lacking because the affiant did not state that the dog was a “trained
narcotics detection dog or otherwise set out his qualifications.”  But, this is
a different ground for suppression from the one that he asserted in the trial
court.

            A defendant waives the right
to complain on appeal unless the record shows a timely and specific objection. 
Tex. R. App. P. 33.1.  A specific
objection informs the trial judge of the basis for the objection “at a time
when the trial court is in a proper position to do something about it.”  Lankston
v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).  A complaint raised
for the first time on appeal is not preserved for our review.  Bell v. State,
938 S.W.2d 35, 47–48 (Tex. Crim. App. 1996).

            In his motion to suppress, Skaggs
challenged the credibility of the criminal informant whose statements officers
relied upon in their affidavit, and he challenged whether the affidavit showed
probable cause.  At a hearing on the motion, Skaggs specifically argued that
“the canine sniff on the house was an unconstitutional intrusion into the
privacy of the home.”  In response, the State argued that case law clearly
holds that an open-air sniff by a canine is not a search and that “[t]hey had a
valid reason to be on the property, and certainly having a dog walk any space
of the property conducting a free-air search is not a constitutional
violation.”  But on appeal, Skaggs concedes that an alert by a trained
narcotics dog provides probable cause and, instead, argues that the magistrate
could not rely on the alert to provide probable cause because the affiant
failed to state that the canine was trained to detect illegal narcotics.  Because
Skaggs raised this complaint for the first time on appeal, it was not preserved
for our review.  

            However,
even if appellant had preserved the complaint, we would conclude that the trial
court did not abuse its discretion when it denied Skaggs’s motion to suppress. 


 Probable cause to
support a search warrant exists when the facts submitted to the magistrate are
sufficient to justify a conclusion that the object of the search is probably on
the premises at the time the warrant is issued.  Cassias v. State, 719
S.W.2d 585, 587 (Tex. Crim. App. 1986).  We must read an affidavit in support
of a search warrant in a common sense and realistic manner, and the magistrate
may make reasonable inferences from the facts and circumstances found in the
affidavit.  Id. at 587–88; Jones v. State, 833 S.W.2d 118, 124
(Tex. Crim. App. 1992).  We determine the sufficiency of the affidavit under
the “totality of the circumstances.”  Illinois v. Gates, 462 U.S. 213,
234 (1983); Hennessy v. State, 660 S.W.2d 87, 90 (Tex. Crim. App. 1983).


“If an affiant seeking
a search warrant attests to the presence of an odor and a magistrate finds the
affiant qualified to recognize the odor, this information is considered
persuasive in obtaining a warrant.”  Davis v. State, 202 S.W.3d 149, 156
(Tex. Crim. App. 2006) (citing Moulden v. State, 576 S.W.2d 817, 819
(Tex. Crim. App. 1978)).  When the affidavit contains no
information regarding the affiant’s training or experience, there must be
specific information in the affidavit, either express or implied, that would
permit a magistrate to reasonably infer the necessary experience to justify the
affiant’s allegations.  See Davis, 202 S.W.3d at 156.  In Davis,
the affiant included facts that another officer on patrol smelled a strong
chemical odor emanating from a residence that he associated with the
manufacture of methamphetamine.  Id. at 152. The Court of Criminal Appeals
explained, “On these facts alone, without any other information, the magistrate
was authorized to issue the warrant as long as the officer was ‘qualified to
recognize the odor.’  That is the only relevant inquiry.”  Id. at 156.  

In its determination,
the court made two inferences that it deemed reasonable.  First, because the
affidavit recited that the officer was “on patrol,” it did not distort common
sense to infer that the officer was a “trained, commissioned police officer,”
which gave credibility to the officer’s identification of the odor.  Id. 
Second, the officer “associated” this smell with the manufacture of
methamphetamine, which permits an inference that the officer had experience
with the odor-causing agent.  Id. at 157.  The court reasoned that such
an inference is not unreasonable “when that person may reasonably be expected
to have had some experience with that kind of odor,” such as police officers
and methamphetamine labs.  Id.

It is important to note
that Davis turned on the standard of review.  The issue was whether the
court of appeals erred “by not paying sufficient deference to the magistrate’s
probable cause determination, applying a hypertechnical rather than a
practical, common sense analysis, and failing to allow the magistrate to draw
reasonable inferences from the facts stated in the affidavit.”  Id. at 154. 
Indeed, the court noted that it “would just as readily conclude that it was
within the magistrate’s discretion to deny this search warrant, had he
originally done so.”  Id. at 157.

Although we have no
established guidelines for the reliability of a “sniff” search, a positive
alert provides probable cause to search.  State v. Weaver, 349 S.W.3d
521, 527–28 (Tex. Crim. App. 2011); Walsh v. State, 743 S.W.2d 687, 689
(Tex. App.—Houston [1st Dist.] 1987, pet. ref’d) (citing Florida v. Royer,
460 U.S. 491, 506 (1983), and United States v. Place, 462 U.S. 696, 707
(1983)).  Similarly, a police officer’s identification of an odor associated
with manufacturing methamphetamine provides probable cause if the officer was
“qualified to recognize the odor.”  Davis, 202 S.W.3d at 156.  Thus,
whether the magistrate had a reasonable basis for concluding that illegal drugs
could be found in appellant’s trailer depends on whether the canine was
qualified to recognize the odor.  

The officer who signed
the affidavit stated in it, in relevant part: “Brown County Sheriff’s Deputy
James Stroope with his K-9 Izzy conducted an open air sniff of the outside of
the travel trailer.  K-9 Izzy made positive alerts at the southeast entrance
door to the travel trailer.”

To accord the
magistrate appropriate deference and to allow for any reasonably available
inferences, we conclude that the magistrate had a substantial basis for
concluding that the search would uncover contraband.  It was not unreasonable
for the magistrate to conclude that a “K-9” who conducted an “open-air sniff”
was trained to detect the smell of narcotics and that, from the K-9’s “positive
alerts,” the magistrate could reasonably infer experience with the odor-causing
agent.  See Davis, 202 S.W.3d at 156; Miles v. State, No.
01-08-00860-CR, 2009 WL 4358959, at *3 (Tex. App.—Houston [1st Dist.] Dec. 3, 2009,
pet. ref’d) (mem. op., not designated for publication) (inferring canine’s
training and experience).  However, we note that the best practice is for an
officer to expressly include the officer’s experience, training, and background
information so that little is left for the magistrate to infer.  Davis,
202 S.W.3d at 157.  Although too many inferences create a “tenuous rather than
substantial basis,” the magistrate here drew reasonably available inferences to
find probable cause.  Id. 

We hold that the trial
court did not err when it denied appellant’s motion to suppress.  Because we
conclude that the positive alert alone was sufficient to establish probable
cause, we need not address appellant’s other argument.  Appellant’s sole issue
is overruled.    

The judgment of the
trial court is affirmed.

 

 

Jim R. Wright

                                                                                                Chief
Justice

October 11, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel[1] consists of:
Wright, C.J., 

McCall, J., and Hill. [2]

 









                [1]Eric Kalenak, Justice,
resigned effective September 3, 2012.  The justice position is vacant pending
appointment of a successor by the governor or until the next general election.

 





[2]John G. Hill,
Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth,
sitting by assignment.