

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00368-CR

LARRY DEAN THACKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 33rd District Court
Blanco County, Texas[1]
Trial Court No. CR02012, Honorable J. Allan Garrett, Presiding

July 12, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Larry Dean Thacker, Appellant, pleaded guilty to the felony offense of possession of a controlled substance, namely methamphetamine.[2]  In this appeal, he contends that the trial court erred in denying his motion to suppress evidence.  We affirm.

---

[1] This case is before the Court on transfer from the Third Court of Appeals pursuant to a docket equalization order of the Supreme Court of Texas.  TEX. GOV'T CODE ANN. § 73.001.

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c).

**BACKGROUND**

Shortly after 3:00 a.m. on May 17, 2020, Blanco Police Department officer Ethan Winn stopped Appellant's vehicle for speeding. Officer Winn detected a strong odor of marijuana emitting from the vehicle. He asked Appellant whether anyone had smoked marijuana in the car recently and Appellant responded that it had "been a while," probably "about a week." Officer Winn informed Appellant and his passenger that the odor of marijuana gave him probable cause to conduct a search. Appellant initially told the officer to "[g]o ahead" but then said that he did not have to allow the search. Officer Winn clarified that he was not asking for Appellant's consent to search, because he had probable cause due to the smell of marijuana coming from the car. Appellant assured the officer that he was not going to find anything illegal in the car.

Upon searching the vehicle, the officer found a used marijuana pipe and another pipe with fresh marijuana. He also found 1.75 grams of methamphetamine in a plastic container. Appellant acknowledged that he was a methamphetamine user and told the officer that the methamphetamine was his.

Before trial, the parties stipulated that Officer Winn had reasonable suspicion to stop Appellant's vehicle and that he "smelled the odor of *cannabis sativa L.* prior to conducting any search . . . ." They further stipulated that the officer's probable cause to search the vehicle "was based on the odor of *cannabis sativa L.* alone." The parties also agreed to enter into evidence, without objection, Officer Winn's offense report and body camera footage.

Appellant filed a motion to suppress evidence obtained by the police in connection with the search of his vehicle on the grounds that the police lacked probable cause, a search warrant, or other lawful authority to perform the search. The trial court denied Appellant's motion. Appellant subsequently pleaded guilty pursuant to a plea agreement, retaining his right to appeal the denial of his motion to suppress.

## ANALYSIS

In his sole issue on appeal, Appellant asserts that the trial court abused its discretion when it overruled his motion to suppress evidence seized during the search of his vehicle. We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, reviewing fact findings for an abuse of discretion and reviewing applications of law de novo. *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019). We will sustain the trial court's application of the law if it is correct under any applicable theory of the law and the record reasonably supports the ruling. *Id.*

The Fourth Amendment prohibits unreasonable searches and seizures by government officials. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). Generally, a search conducted without a warrant is considered per se unreasonable. *Id.* However, a warrantless search of a vehicle is reasonable if law enforcement officials have probable cause to believe that the vehicle contains contraband. *Id.* "Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular location." *State v. Baldwin*, 664 S.W.3d 122, 130 (Tex. Crim. App. 2022).

Texas courts have held that the odor of contraband in a vehicle establishes probable cause for a warrantless search of the vehicle. *See Moulden v. State*, 576 S.W.2d 817, 820 (Tex. Crim. App. [Panel Op.] 1978) (concluding police officers had probable cause to search vehicle after detecting odor of marijuana); *Stringer v. State*, 605 S.W.3d 693, 697 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (same); *Smith v. State*, No. 03-17-00079-CR, 2017 Tex. App. LEXIS 7254, at *7–9 (Tex. App.—Austin Aug. 3, 2017, pet. ref'd) (mem. op., not designated for publication) (and cases cited therein) (same). But Appellant argues that, since the Texas Legislature has legalized some forms of cannabis sativa, the odor of cannabis sativa can be consistent with lawful behavior.[3] He contends that the odor emanating from his vehicle was just as likely to come from a legal product, i.e., hemp, as it was to come from an illegal product, i.e., marijuana. Thus, he concludes, the odor of cannabis sativa, standing alone, could not establish probable cause to search his vehicle following the traffic stop.

In *Cortez v. State*, the Fifth Court of Appeals addressed the argument advanced by Appellant. No. 05-21-00664-CR, 2022 Tex. App. LEXIS 9270, at *17–20 (Tex. App.—Dallas Dec. 20, 2022, pet. ref'd) (mem. op., not designated for publication). The court concluded that the odor of marijuana emanating from a vehicle gave an officer probable cause to search the vehicle and its occupants, even though the odor of marijuana is indistinguishable from the odor of hemp. *Id.* at *18–19. The court reiterated, "As

---

[3] "[T]he *Cannabis sativa L.* plant and its parts and derivatives that historically were illegal . . . can now be legally cultivated in Texas, so long as they contain a THC concentration of no more than 0.3 percent. Under the new statutory framework, all such parts of the *Cannabis sativa L.* plant now qualify as 'hemp,' and no longer qualify as 'marihuana.'" *Tex. Dep't of State Health Servs. v. Crown Distrib. LLC*, 647 S.W.3d 648, 662 (Tex. 2022). Legal hemp products and illegal marijuana products are "virtually indistinguishable by sight or smell alone." *Id.*

marijuana possession is a crime, its odor may evidence criminal activity." *Id.* at *18. It concluded that "the possession of marijuana is still a criminal offense under Texas law and a reasonable, even if ultimately erroneous conclusion by an officer on the scene as to the identity of the substance, would be permitted under the Fourth Amendment." *Id.* at *20. The Fifth Court of Appeals later reaffirmed its position in *Cortez* in *State v. Gonzales*, 676 S.W.3d 261, 268–69 (Tex. App.—Dallas 2023, no pet.).

The Fourth Court of Appeals, in *Isaac v. State*, also considered whether the legalization of hemp affects officers' ability to rely on the odor of marijuana for purposes of establishing probable cause. 675 S.W.3d 116, 118–20 (Tex. App.—San Antonio 2023, no pet.). It observed, "Despite [the defendant's] argument that industrial hemp is now legal and indistinguishable from marijuana without a lab test, marijuana remains illegal, and the probable cause standard for police to detect it remains the same . . . ." *Id.* at 119. The court concluded that it was appropriate for officers to rely on the odor of marijuana to establish probable cause to search, as the odor "can at least be part of the totality of the evidence supporting probable cause to investigate." *Id.* at 119. Appellant argues that the decision in *Isaac* "is consistent with the 'odor plus' standard," but *Isaac* did not address whether odor alone could establish probable cause.

The Twelfth Court of Appeals reached the same conclusion in *Moffitt v. State*, Nos. 12-23-00090-CR, 12-23-000108-CR, 12-23-00109-CR, 2023 Tex. App. LEXIS 7758, at *13–14 (Tex. App.—Tyler Oct. 11, 2023, no pet.) (mem. op., not designated for publication). It affirmed the principle that "when . . . an officer smells the odor of marijuana emanating from a vehicle, the odor provides probable cause to search the vehicle and its occupants, regardless of whether the substance in question might be hemp." *Id.* at *13.

We agree with the conclusion reached by our sister courts. The probable cause standard does not demand certainty; it is met so long as there is a "fair probability" that evidence of criminal activity will be found. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Even though the odor of marijuana is not inevitably tied to criminal activity, probable cause does not require an officer to draw an inference of innocent behavior rather than an inference of unlawful behavior. *See Texas v. Brown*, 460 U.S. 730, 742, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983) (probable cause "does not demand any showing that [the belief that an offense was committed] be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required."); *see also United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999) ("[T]he requisite 'fair probability' is something more than a bare suspicion, but need not reach the fifty percent mark."). The odor of cannabis sativa remains the odor of marijuana, the possession of which remains a criminal offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a). Additionally, we note that the provisions of the Texas Hemp Farming Act reveal that the Legislature did not intend for the legalization of hemp to impede the enforcement of laws regulating marijuana. *See* TEX. AGRIC. CODE ANN. § 122.358(d) ("This subchapter does not limit or restrict a peace officer from enforcing to the fullest extent the laws of this state regulating marihuana and controlled substances, as defined by Section 481.002, Health and Safety Code.").

In this case, the odor of *cannabis sativa L.* detected by Officer Winn indicated the possibility of criminal activity, giving him probable cause to search the vehicle. We further note that the trial court had before it Officer Winn's offense report and body camera video,

which were entered into evidence without objection.[4]  The evidence reflected Appellant's admission that marijuana had been smoked in his vehicle recently, that the odor emanating from his vehicle was strong, and that the officer detected the odor immediately upon approaching the vehicle.  This contextual evidence is relevant to whether the odor emanating from Appellant's car came from a legal or an illegal substance.  We conclude that the trial court did not err in denying Appellant's motion to suppress.

## CONCLUSION

Finding no error in the trial court's decision, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[4] It is clear from the language of the stipulation that the parties intended for the trial court to determine whether the odor of *cannabis sativa L.* gave Officer Winn probable cause to search Appellant's vehicle without considering any other facts indicative of criminal activity.  However, it is also apparent from the stipulation that the parties intended for the trial court to consider the exhibits in evidence in ruling on Appellant's motion, and that the stipulation was not a complete and exhaustive recitation of all the facts and circumstances relevant to the trial court's ruling.