

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-25-00042-CR
_____

FABIEN PARRAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-2071, Honorable William R. Eichman II, Presiding

August 8, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Fabien Parras, Appellant, pleaded guilty to aggravated assault on a public servant[1] and the trial court placed him on deferred adjudication community supervision. The State later moved to proceed with adjudication of guilt based on Appellant's alleged violations of community supervision. At the hearing, Appellant moved to suppress evidence seized

---

[1] *See* TEX. PENAL CODE ANN. § 22.02.

during a traffic stop in which Appellant was the driver. The trial court denied the motion and adjudicated Appellant as guilty. We affirm the judgment of the trial court.

## BACKGROUND

Because of the limited scope of Appellant's complaint on appeal, we limit our discussion of the background to the facts pertinent to that issue.

Appellant was placed on deferred adjudication for aggravated assault on a public servant on November 2, 2023. On December 20, 2023, a Wolfforth police officer stopped Appellant's vehicle for speeding. As he approached the driver's side of the vehicle, the officer smelled the odor of marijuana emanating from the vehicle. He also observed an age-restricted tobacco vape in Appellant's lap. Once backup officers arrived, the officer removed Appellant and the three other occupants of the vehicle and conducted a search. The search yielded a bag of a white crystal substance, marijuana, THC-labeled containers, a stolen firearm, and ammunition. Appellant was arrested for possession of a controlled substance, theft of a firearm, unlawful carrying of a weapon, and possession of marijuana.

At the hearing on the State's motion to proceed with adjudication of guilt, Appellant's counsel asked the arresting officer whether he had received training on how to differentiate between the odors of hemp and unsmoked marijuana. After the officer responded with a "no," Appellant's counsel moved to suppress all evidence found in the vehicle, arguing that the officer had neither consent nor probable cause to conduct the search. The trial court denied the motion. The trial court then found all the alleged

2

violations in the State's motion to be true, revoked Appellant's deferred adjudication, and sentenced him to twenty years' incarceration.

## ANALYSIS

In his sole issue, Appellant challenges the denial of his motion to suppress evidence seized during the traffic stop, arguing that the odor of marijuana alone cannot be relied on to support probable cause.[2]  An appellate court generally reviews a trial court's denial of a motion to suppress for abuse of discretion.  *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).  The reviewing court must give almost total deference to the trial court's findings of historical fact supported by the record.  *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc).

The Fourth Amendment prohibits unreasonable searches and seizures by government officials.  *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). Generally, a search conducted without a warrant is considered per se unreasonable.  *Id.* But when law enforcement officers have probable cause to believe that a vehicle contains contraband, a warrantless search of the vehicle is reasonable.  *Id.*  "Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular location."  *State v. Baldwin*, 664 S.W.3d 122, 130 (Tex. Crim. App. 2022).  Texas courts have held that the odor of contraband in a vehicle establishes probable cause for a warrantless search of the vehicle.  *See*

---

[2] Appellant's brief does not address the officer's testimony that he believed he had probable cause to search the vehicle based not only on the odor of marijuana, but also on the presence of a vape pen, which Appellant was not old enough to legally possess, in Appellant's lap.

3

*Moulden v. State*, 576 S.W.2d 817, 820 (Tex. Crim. App. [Panel Op.] 1978) (concluding police officers had probable cause to search vehicle after detecting odor of marijuana).

Appellant acknowledges that this Court and other Texas courts have held that the odor of cannabis sativa creates sufficient probable cause for an officer to search a vehicle, even though the odor could emanate from either a legal product or an illegal product. *See Thacker v. State*, No. 07-23-00368-CR, 2024 Tex. App. LEXIS 4917, at *4–7 (Tex. App.— Amarillo July 12, 2024, no pet.) (mem. op., not designated for publication) (and cases cited therein). Appellant argues that emerging caselaw from other jurisdictions calls for a reconsideration of this position, citing *Commonwealth of Pa. v. Grooms*, 2021 PA Super 26, 247 A.3d 31 (Pa. Super. 2021), and *State of Fla. v. Nord*, 2020 Fla. Cir. LEXIS 14313, 28 Fla. L. Weekly Supp. 511 (Fla. 20th Cir. Ct. Aug. 8, 2020) (order). Both *Grooms* and *Nord* were decided before this Court and our sister courts considered this issue. *See Thacker*, 2024 Tex. App. LEXIS 4917, at *6–7; *Isaac v. State*, 675 S.W.3d 116, 118–20 (Tex. App.—San Antonio 2023, no pet.); *Moffitt v. State*, Nos. 12-23-00090-CR, 12-23-00108-CR, 12-23-00109-CR, 2023 Tex. App. LEXIS 7758, at *13–14 (Tex. App.—Tyler Oct. 11, 2023, no pet.) (mem. op., not designated for publication); *Cortez v. State*, No. 05-21-00664-CR, 2022 Tex. App. LEXIS 9270, at *17–20 (Tex. App.—Dallas Dec. 20, 2022, pet. ref'd) (mem. op., not designated for publication). We are unpersuaded by the out-of-jurisdiction cases cited by Appellant and decline to depart from our precedent. *See West v. State*, No. 07-24-00154-CR, 2024 Tex. App. LEXIS 7941, at *4–5 (Tex. App.— Amarillo Nov. 13, 2024, no pet.) (mem. op., not designated for publication) (following decision in *Thacker*).

We conclude that the trial court did not abuse its discretion in denying Appellant's motion to suppress. We overrule Appellant's sole issue.

## CONCLUSION

The trial court's judgment is affirmed.

Judy C. Parker
Justice

Do not publish.